**UNITED STATES of America, Appellant,**

v.

**Emil and Judith STAVRIOTIS, Appellees.**

**No. 89 C 8379.**

United States District Court, N.D. Illinois, E.D.

July 12, 1991.

---

6. Claim is broadly defined under the Bankrupt-   cy Code. See 11 U.S.C. § 101(4).

---

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The IRS wants Emil and Judith Stavriotis' money. Lots of it. The bankruptcy court (the Stavriotis' have filed for Chapter 11 protection) said the IRS asked for too much, too late. The IRS has turned to this court, hoping for a different result. Its hopes are misplaced.

### Background

The Stavriotis' filed their Chapter 11 bankruptcy petition on October 8, 1985. The bankruptcy court set November 6, 1986 as the "bar date" for filing claims against the estate. See Bankruptcy Rule 4004(a).[1] On October 2, 1986, the Internal Revenue Service filed a proof of claim in the amount of $11,132.93. That claim included unpaid income taxes for the years 1981 and 1984. Nowhere did the IRS note

---

**1.** Rule 4003(b) provides:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney.

that it might later seek leave to amend its claim, nowhere did it request an extension of the bar date. Yet its audit of the Stavriotis' affairs was not complete when it filed its initial claim, nor was it complete when the bar date arrived.

Undeterred by its failure to notify the Stavriotis' or their other creditors of the likelihood of amendment, or to move for an extension of the bar date, on April 22, 1987 (more than five months after the bar date had passed) the IRS filed an amendment to its original proof of claim. The amended claim sought $2,449,523.74 (more than 20 times the amount originally sought) in unpaid taxes for the years 1981 and 1982. The bankruptcy court held that neither the applicable law nor principles of equity could save the IRS' late filing and denied the IRS' motion to amend its claim. 103 B.R. 1005. The IRS has appealed to this court.

### Discussion

The IRS argues that it is entitled to amend its claim after the bar date for either of two reasons: first, that the amendment is appropriate pursuant to the bankruptcy code; and second, that principles of equity permit amendment in this case. The court will address each of these arguments in turn.

Law

■ Amendments to pleadings in bankruptcy actions are governed by the same rule as amendments in civil actions—Bankruptcy Rule 7015 adopts Fed.R.Civ.P. 15. Rule 15 provides:

(a) A party may amend the party's pleading ... only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

(c) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading....

In bankruptcy cases, as in other civil cases, courts generally interpret Rule 15 liberally, freely allowing amendments "where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." See *In Re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985) and cases cited therein.

■ The court notes that the decision whether to permit an amendment in a particular case is squarely within the bankruptcy judge's discretion. See *Zenith Radio Corp Inc. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Goulding v. Feinglass*, 811 F.2d 1099, 1103–04 (7th Cir.1987); *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985). This court's review of the decision rendered by Judge Katz is therefore limited to the narrow question whether he abused his discretion in denying the IRS' late motion to amend its claim. The court may find an abuse of discretion only if: (1) the bankruptcy court's decision was based on an erroneous conclusion of law, (2) the record contains no evidence upon which the court could have based its decision, or (3) the facts cited in support of the court's decision are clearly erroneous. *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 563 (7th Cir.1984); *Unroe v. United States*, 119 B.R. 626, 627 (S.D.Ind. 1990).

■ The IRS argues that the bankruptcy court based its decision on an erroneous conclusion of law, because it believed itself bound by a district court opinion—one which does not bind this court. The bankruptcy court held that the "controlling authority" in this district was *In re AM International, Inc.*, 67 B.R. 79 (N.D.Ill.1986). While the IRS concedes that perhaps the bankruptcy court was 'controlled' by *AM International*, it further notes that this court is not.

The bankruptcy court, however, did not blindly follow the district court. It noted the disagreement among courts in other districts, noted the *AM International* case, compared the instant case, and found that the two were sufficiently analogous to justify the application of the principle stated in *AM International* (that the bankruptcy

court need not permit a late-filed claim seeking taxes dissimilar from the taxes originally claimed).[2] While the bankruptcy court did state that it was "bound to follow" *AM International,* it went on to consider the reasoning behind that opinion, and explained why it was applicable to the IRS' claim. This court therefore finds that the bankruptcy court did not make an error of law, nor did it blindly follow district court precedent, in denying the IRS' request to make a late, substantive amendment to its claim. Rather, in a thorough and well-reasoned opinion, Judge Katz explained why in fact he agreed with existing precedent.

Equity

 The IRS also claims that principles of equity entitle it to file the late amendment to its claim. In considering the IRS' equitable claim the bankruptcy court applied the factors enumerated in *In re Miss Glamour Coat Co.,* 80–2 U.S.Tax Cas. (CCH) Par. 9737 (S.D.N.Y.1980). The parties agree that the factors set forth in that case are dispositive.[3] Those factors are:

(1) Whether the parties or creditors relied on the IRS' initial claim, or whether they had reason to know subsequent proofs of claim would follow pending the completion of the audit.

(2) Whether other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing the amendment.

(3) Whether the IRS intentionally or negligently delayed in filing its amended claim.

(4) The justification, if any, for the failure to request a timely extension pending the audit; and

(5) whether there are any other considerations which should be taken into account in assuring a just and equitable result.

The bankruptcy court found that the Stavriotis' creditors had no notice of the IRS' late-filed claim and relied upon its absence;[4] that the IRS offered no excuse for its failure to file the second claim or request an extension before the bar date; and that it was not justified in relying on the continuing audit as a substitute for more formal notice.

These findings were not clearly erroneous, nor were they an abuse of the bankruptcy court's discretion. The IRS has been granted substantial power by Congress. It has extremely broad subpoena power, 26 U.S.C. § 7602, entry power, 26 U.S.C. § 7606 and enforcement power, 26 U.S.C. § 7608. That Congress has granted the IRS broad power, however, does not mean that it has granted unmitigated power. This court declines the IRS' invitation to reverse the bankruptcy court's decision.

### Conclusion

The decision of the bankruptcy court denying the IRS' petition to file a late amendment to its proof of claim is affirmed.

**2.** The IRS argues that the taxes claimed in the first and second proofs of claim are not "dissimilar" (the liability stated in the first claim was derived from the Stavriotis' income tax returns; that set forth in the second claim resulted from disallowed deductions discovered during the audit). The court in *AM International* set forth a two-part test for determining whether claims were similar. First, whether the two claims are of the same type (here, they are) and second, whether the amount of the first claim should provide notice of the second claim (here, it did not). 67 B.R. at 82. This court finds that reasoning eminently logical—it facilitates the administration of the estate without imposing an onerous burden on the claim-holder (note that all the IRS need have done was reserve the right

to amend after completion of an audit which it well knew was pending).

**3.** The *Miss Glamour* court was specifically concerned with the equities involved when the IRS attempted a late amendment to its proof of claim.

**4.** The IRS makes much of the suggestion that Mr. and Mrs. Stavriotis were aware of the ongoing audit and that they therefore did have notice of the possibility of amendment. Whether or not that is true (the record submitted to this court is not entirely clear), notice to the Stavriotis' is not notice to the remaining creditors and therefore the IRS cannot meet this *Miss Glamour* requirement.