986 F.2d 367
 71 A.F.T.R.2d 93-1031, 71 A.F.T.R.2d 93-2181,
93-1 USTC P 60,129, 28 Collier Bankr.Cas.2d 779,
23 Bankr.Ct.Dec. 1697, Bankr. L. Rep. P 75,170
 In re: Jack J. GRYNBERG, Celeste C. Grynberg, Debtors,
Jack J. GRYNBERG, Celeste C. Grynberg, Appellants,
v.
UNITED STATES of America, Gerald S. Swanson, as District
Director for the Internal Revenue Service, Appellees.
 No. 91-1445.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 17, 1993.
 
 Neil E. Ayervais of Lohf, Shaiman & Ross (William D. Scheid of Scheid and Horlbeck, with him on the briefs), Denver, CO, for appellants.
 Gary D. Gray, Atty., Tax Div. (James A. Bruton, Acting Asst. Atty. Gen.; Michael J. Norton, U.S. Atty., of counsel; and Murray S. Horwitz, Atty., Tax Div., with him on the brief), Dept. of Justice, Washington, DC, for appellees.
 Before LOGAN, ANDERSON and BALDOCK, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 Plaintiffs Jack and Celeste Grynberg appeal the district court's affirmance of the bankruptcy court's order granting summary judgment in favor of defendants, the United States government and the Internal Revenue Service (IRS), and dismissing with prejudice plaintiffs' adversary proceeding against defendants.
 
 
 2
 The facts in this case are undisputed. In early 1981, plaintiffs filed petitions for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-1174.[1] Their cases were jointly administered. As provided under §§ 521(1) and 1111(a), plaintiffs' bankruptcy schedules listed the United States as a disputed creditor, both for gift taxes and for income taxes. The disputed gift tax liability arose from intra-family transfers of mineral interests made in the year preceding the bankruptcy filings. Plaintiffs never filed gift tax returns on these transfers, contending that they were not taxable gifts.
 
 
 3
 On June 19, 1981, the bankruptcy court issued the following bar order:
 
 
 4
 Creditors holding claims scheduled by Debtor as disputed, contingent, or unliquidated shall file a proof of claim with this Court on or before July 31, 1981.... Failure to file a proof of claim shall forever bar a creditor holding a disputed, contingent, or unliquidated claim from participation in this proceeding or in any distribution under a plan filed by the Debtor....
 
 
 5
 Appellants' App. at 36. The IRS filed a timely proof of claim for the scheduled income tax liabilities, but not for the gift taxes. In April 1982, the bankruptcy court approved plaintiffs' joint reorganization plan, which made no reference to the disputed gift tax. The IRS did not object to the plan or to its accompanying disclosure statement.
 
 
 6
 In 1989, after the plan had been fully consummated, the IRS sent Jack Grynberg a notice of a proposed gift tax deficiency and penalties totalling nearly $5 million.[2] In response, plaintiffs filed an adversary action in the bankruptcy court, seeking to enjoin the IRS from collecting the deficiency on the grounds that it had been disallowed under the bar order and discharged at the completion of the joint reorganization. The bankruptcy court granted defendants' motion for summary judgment and dismissed plaintiffs' complaint. The district court affirmed, and this appeal followed.
 
 
 7
 "We review the bankruptcy court's decision under the same standard used by the district court." Citizens Nat'l Bank & Trust Co. v. Serelson (In re Burkart Farm & Livestock), 938 F.2d 1114, 1115 (10th Cir.1991). Thus, we review legal conclusions, such as a grant of summary judgment, de novo and factual findings for clear error. Unioil v. H.E. Elledge; 270 Corp. (In re Unioil), 962 F.2d 988, 990 (10th Cir.1992).
 
 
 8
 Section 1141(d)(1)(A) of the Bankruptcy Code provides generally for discharge from any debt that arose before confirmation of the plan, even if no proof of claim was filed or the claim was disallowed. However, § 1141(d)(2) specifically provides that "confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title."
 
 
 9
 Section 523,[3] when read in conjunction with § 1141(d)(2), provides that confirmation of a reorganization plan for an individual debtor will not discharge recent excise taxes "whether or not a claim for such tax was filed or allowed," § 523(a)(1)(A), or taxes for which returns should have been but were not filed. The gift taxes at issue here fit within both categories.
 
 
 10
 Section 6019 of the Internal Revenue Code states that any individual making a transfer by gift in excess of $10,000, other than to a spouse "shall make a return for such year with respect to the gift tax imposed." Plaintiffs argue that there is no evidence in the record to support the district court's conclusion that their transfers were taxable gifts that required the filing of a return. The bankruptcy court has never ruled on the merits of the gift tax liability claim, which remains unresolved. However, plaintiffs cannot bootstrap their argument that returns were not required based on the absence of a ruling on the merits of the government's claim for such taxes. We emphasize that nothing in the district court's order purports to fix plaintiffs' gift tax liability; it merely establishes that whatever that liability may be, it has not been discharged.
 
 
 11
 In any event, these gift taxes fit within the § 523(a)(1)(A) exception to discharge that covers taxes entitled to priority under § 507(a)(7). Excise taxes include gift taxes, and the transfers at issue occurred within the three year statutory window. Although § 507(a)(7) refers to "allowed unsecured claims of governmental units," § 523(a)(1)(A) makes clear that these taxes remain nondischargeable "whether or not a claim for such tax was filed or allowed." Plaintiffs argue strenuously that the failure of the IRS to file a proof of claim before the bar date imposed by the bankruptcy court subjected their gift tax claim to discharge upon confirmation of the plan, and that the bankruptcy court's determination under the bar order is res judicata. This contention is contrary to the language of the bar order and to the operation of Bankruptcy Rule 3003 under which the bar order was issued.
 
 
 12
 Bankruptcy Rule 3003(c)(3) requires a bankruptcy court to fix a time for filing proofs of claims. The purpose of this deadline is to "enable a debtor and his creditors to know, reasonably promptly, what parties are making claims against the estate and in what general amounts." United States v. Kolstad (In re Kolstad), 928 F.2d 171, 173 (5th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991). However, as the language of the bar order itself states, failure to file a proof of claim before the bar date simply precludes a creditor from participating in the voting or distribution from the debtor's estate.[4] Neither the rules nor the bar order prevents a creditor holding a nondischargeable debt who has not filed a proof of claim from collecting outside of bankruptcy. See In re Olsen, 123 B.R. 312, 314 (Bankr.N.D.Ill.1991) ("the IRS's nondischargeable claim ... would survive bankruptcy even if the IRS had never even filed a proof of claim"); Kinney v. IRS (In re Kinney), 123 B.R. 889, 891 (Bankr.D.Nev.1991) ("[t]he IRS's failure to file timely a proof of claim would, at most, result in a loss of the right to payment under the plan"); In re Howell, 84 B.R. 834, 836 (Bankr.M.D.Fla.1988) ("a creditor holding a nondischargeable debt ... may execute or collect on the balance of its nondischargeable debt without regard to the discharge provisions of the plan or the Code"); Galbreath v. Illinois Dep't of Revenue (In re Galbreath), 83 B.R. 549, 551 (Bankr.S.D.Ill.1988) ("a creditor with a type of debt listed as nondischargeable under [s] 523(a)(1) ... may wait until the conclusion of the bankruptcy proceeding and then bring suit on its claim in the appropriate nonbankruptcy forum"). Plaintiffs cite numerous cases emphasizing the finality of bar orders and prohibiting the IRS from filing additional proofs of claim after the bar date has passed.[5] These cases establish only that the IRS is bound to submit its proofs of claim like any other creditor or be foreclosed from participating in the debtor's reorganization. However, like any other holder of a nondischargeable debt, the IRS is also free to pursue the debtor outside bankruptcy.
 
 
 13
 Plaintiffs' argument that the bar order disallowed the gift tax claim is unconvincing.[6] It is undisputed that defendant's failure to file a proof of claim for the gift taxes precluded it from participating in the voting and distribution under plaintiffs' Chapter 11 plan. It is equally clear, however, that a bankruptcy court's determination of a claim's untimeliness does not affect application of the § 523 exceptions to discharge. We agree with Spruill v. South Atl. Prod. Credit Assoc. (In re Spruill), 83 B.R. 359 (Bankr.E.D.N.C.1988), which considered this issue and concluded that § 523(a)(1)(A) "was intended to prevent the discharge of tax claims which were never filed or filed late but which would otherwise have been allowable." Id. at 361. It held that while disallowance on the merits would have prevented the IRS from pursuing the gift tax claim postbankruptcy, disallowance for untimeliness does not act as a bar to asserting nondischargeability in subsequent litigation. Id. See also Olsen, 123 B.R. at 314 ("[t]he Bankruptcy Code makes it clear that the actual allowance of a tax claim as a priority debt and the nondischargeability of a tax claim are not related"); Great Am. Ins. Co. v. Graziano (In re Graziano), 35 B.R. 589, 592 (Bankr.E.D.N.Y.1983) ("creditor's failure to file a proof of claim does not act as a bar to an action to determine dischargeability"); Massoni v. District Director of IRS (In re Massoni), 20 B.R. 416, 419 (Bankr.D.Kan.1982) ("the failure of the IRS to file a proof of claim does not affect the debt's dischargeability"). The clear provisions of Bankruptcy Rule 3003(c)(2) limit the rights of a creditor failing to file a proof of claim only with respect to voting and distribution under the plan. Bar orders issued pursuant to this rule have no other effect.[7]
 
 
 14
 Although allowing the IRS to pursue its claim after the confirmation and consummation of a Chapter 11 plan admittedly conflicts with the "fresh start" policy animating the Code's discharge provisions, "it is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code." United States v. Gurwitch (In re Gurwitch), 794 F.2d 584, 585-86 (11th Cir.1986). This is an express congressional policy judgment that we are bound to follow. See United States v. Sotelo, 436 U.S. 268, 279-80, 98 S.Ct. 1795, 1802, 56 L.Ed.2d 275 (1978).
 
 
 15
 Finally, plaintiffs maintain that to be excepted from discharge under § 523, the disputed gift tax must be a "debt." The Code defines debt as "liability on a claim." § 101(12). Because the IRS never filed a proof of claim for the gift tax, the argument goes, it does not have a debt, and without a debt there is nothing to be deemed nondischargeable. Although this syllogism is semantically creative, it disregards the broader purposes and logic of the Code. Plaintiffs neglected to include in their argument the definition of "claim," which means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 101(5)(A). The Supreme Court has held that the language of § 101(5)(A) "reflects Congress' broad rather than restrictive view of the class of obligations that qualify as a 'claim' giving rise to a 'debt.' " Pennsylvania Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 558, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990). Nothing in the definition of the term requires the submission of proof to establish a claim's existence. Proof is required only to ensure the creditor's participation in the reorganization. In view of this expansive definition of the term "claim," we have no difficulty characterizing the gift taxes as a disputed right to payment, thus qualifying as a "debt" that can be excepted from discharge under § 523.
 
 
 16
 Plaintiffs' difficulties might easily have been averted. The Bankruptcy Code includes a mechanism specifically to protect debtors in those situations in which the creditor's debt is nondischargeable. Section 501(c) provides that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." Bankruptcy Rule 3004 gives the debtor or trustee thirty days after the bar date to file such claims. Together, § 501(c) and Rule 3004 afford the debtor the broadest relief possible in bankruptcy by allowing the debtor to bring in all known claimants and, through payment under the plan, to reduce the amount of nondischargeable debt owed after the closing of the case. Had plaintiffs taken advantage of this provision, § 1129(a)(9)(C) would have permitted confirmation of a plan that included deferred cash payments for excise taxes on transfers made within the three year window specified in § 507(a)(7)(E). See generally Kolstad, 928 F.2d at 174. Because the IRS declined to file the claim and hence did participate in plaintiffs' reorganization with respect to this claim, and because plaintiffs failed to use the statutory mechanism for mandatory participation available to them, the IRS is now free to recover outside bankruptcy. In re Kloeble, 112 B.R. 379, 381 (Bankr.S.D.Cal.1990) ("[t]he apparent consequence of the debtor's failure to file for the creditor within the time allotted under Rule 3004 is that the debtor remains burdened with the debt post-discharge to the extent the debt was nondischargeable").
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Unless otherwise noted, all statutory references are to title 11 of the United States Code, the Bankruptcy Code
 
 
 [2]
 No such notice has been sent to Celeste Grynberg, although this apparently remains a possibility
 
 
 [3]
 § 523. Exceptions to discharge
 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
 (1) for a tax or a customs duty--
 (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;
 (B) with respect to which a return, if required--
 (i) was not filed....
 With respect to our analysis here, we need only note that § 507(a)(7)(E) refers to excise taxes on transactions occurring before the filing of the petition for which returns were due in the three years preceding the filing of the petition, or, if returns were not required, on transactions occurring during the three years immediately preceding the filing of the petition. Gift taxes are excise taxes.
 
 
 [4]
 The bar order essentially follows the contours of the Rule. "[A]ny creditor who fails to [file a proof of claim] shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Bankruptcy Rule 3003(c)(2) (emphasis added). Usually, the threat of exclusion from distribution under the reorganization plan is sufficient incentive for a creditor to file a proof of claim. Creditors holding nondischargeable debts who do not participate in the distribution of the debtor's estate under the plan take a large risk that the debtor will have nothing left after bankruptcy proceedings are concluded, and that although the debt has not been discharged, meaningful recovery will be postponed indefinitely
 
 
 [5]
 See, e.g., United States v. Ginley (In re Johnson), 901 F.2d 513 (6th Cir.1990); United States v. Int'l Horizons, Inc. (In re Int'l Horizons), 751 F.2d 1213 (11th Cir.1985); United States v. Stavriotis, 129 B.R. 527 (N.D.Ill.1991); In re Nalle, 125 B.R. 164 (Bankr.W.D.Tex.1991)
 
 
 [6]
 Plaintiffs rely on a portion of the bar order providing that "all claims listed as disputed in the Grynbergs' schedules would be disallowed if a timely proof of claim was not filed with respect to such claims."
 
 
 [7]
 Plaintiffs suggest that under Hoffman v. Connecticut Dep't of Income Maintenance, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), the failure of a governmental unit to submit a proof of claim renders that claim dischargeable even if it falls within the § 523 exceptions to discharge. We disagree. Hoffman addresses a jurisdictional question holding that § 106(c) "permit[s] a bankruptcy court to determine the amount and dischargeability of an estate's liability" to a state government. See United States v. Nordic Village Inc., --- U.S. ----, ----, 112 S.Ct. 1011, 1016, 117 L.Ed.2d 181 (1992) (citation omitted). However, the fact that a governmental unit is subject to bankruptcy court jurisdiction on the question of dischargeability even if it never filed a proof of claim does not mean that a governmental unit's failure to file a proof of claim on a nondischargeable debt necessarily results in discharge