**In re Larry Lee SPELTS, Mary Molly Rachel Spelts, Debtors.**

**No. 03–11988 ABC.**

United States Bankruptcy Court, D. Colorado.

Dec. 1, 2003.

Terry J. Ploski, Robinson & Robinson, P.C., Denver, CO, Counsel for Debtors.

William R. Lambert, Denver, CO, Counsel for Chapter 13 Trustee.

John A. Weeda, Special Assistant, United States Attorney, Denver, CO, Counsel for the Internal Revenue Service.

## ORDER DENYING CONFIRMATION OF THIRD AMENDED PLAN

A. BRUCE CAMPBELL, Bankruptcy Judge.

This matter is before the Court on the Debtors' Motion to Confirm Third Amended Plan,[1] and the objections thereto filed by the Chapter 13 Trustee and the Internal Revenue Service ("IRS"). Also before the Court and critically related to confirmation of the Debtors' plan is the response of the IRS to the Debtors' objection to the proof of claim filed by the IRS. The dispute is over certain "trust fund taxes" which were owed by Debtor Larry Spelts in his capacity as a "responsible person." The Debtors do not provide for those taxes in their Chapter 13 plan because it is their view that the trust fund taxes were discharged in their prior Chapter 7 case.

---

1. The issues to be resolved were originally presented in the context of the objections of the IRS and the Chapter 13 Trustee to the Debtors' Second Amended Plan. Both the IRS and the Chapter 13 Trustee objected because the Plan does not properly provide for the priority claim of the IRS. A scheduling conference on those objections was held on July 23, 2003. Since that time Debtors have filed a Third Amended Plan which has drawn the same objections by the IRS and the Chapter 13 Trustee. The Third Amended Plan, like the Second Amended Plan, does not provide for the trust fund taxes claimed by the IRS in its proof of claim. Thus, what is now properly before the Court are the objections to the Third Amended Plan in addition to the Debtors' objection to the IRS proof of claim.

The parties have submitted: (1) a Joint Stipulation of Facts With Respect to the Debtors' Objection to Proof of Claim of Internal Revenue Service ("Stipulation of Facts"); (2) cross motions for summary judgment on the issues presented by the stipulated facts; and (3) statements of remaining factual and legal issues. The Court has reviewed the Stipulation of Facts and exhibits attached thereto, the Second and Third Amended Plans, the record in this case and the briefs of the parties. Having done so, this Court finds that resolution of the matter will not be aided by further argument or hearing.

## UNDISPUTED FACTS

The Court has taken the following undisputed facts from the Stipulation of Facts, the exhibits attached thereto and the file in this case, including the Debtors' Second and Third Amended Plans.

1. On October 26, 1993, the Debtors filed a bankruptcy petition under Chapter 7, Case No. 93–21573 DEC. The Debtors received a discharge on May 31, 1995.

2. Jeffrey Hill ("Trustee") was named the trustee in that case.

3. In their Statement of Financial Affairs, the Debtors listed a 1992 federal income tax debt in the amount of $1,205 for 1992, a federal employment tax debt of $26,949.25 reported on Form 941 for 1992, and a federal unemployment tax debt of $1,456.14 reported on a Form 940 for 1992 for a total federal tax debt of $29,610.39. All the federal tax debts were scheduled as joint, fixed and liquidated priority tax liabilities on Schedule E of their bankruptcy schedules (Exhibit A to the Stipulation of Facts).

4. The Debtors also listed on their Schedule E a tax debt of $5,564.48 due the Colorado Department of Revenue.

5. On December 7, 1995, the IRS filed a proof of claim in the Chapter 7 case asserting a priority status for income tax liabilities made up of tax and interest to the date of the petition owed by the Debtors for the tax years 1991 and 1992 in the amounts of $256.82 and $1,250.67, respectively, for a total of $1,507.49 (See Exhibit B to the Stipulation of Facts).

6. The IRS also claimed as priority what was termed on the IRS proof of claim a "Civil Pen" in the amount of $22,506.78. This penalty was assessed under the provisions of I.R.C. § 6672 against the Debtors. This portion of the IRS claim was assessed against Larry Lee Spelts as a "responsible person" and is for employer withholding "trust taxes," assessed for the first quarter of 1993. At the time, the practice of the IRS was to denote any claim it had under section 6672 as a "Civ Pen." In the past several years, it has changed its practice and now uses the term "IRC 6672" to describe this type of tax.

7. The total priority tax claim of the IRS in that case was $24,014.27.

8. The IRS also claimed an unsecured general claim of $78.51 made up of penalties on the priority income tax periods for 1991 and 1992.

9. The Trustee filed a Proposed Distribution Register dated December 9, 1996, and later amended it by interlineation to serve as a revised and final distribution register. In that Distribution Register, the Trustee classified the claim of the IRS for $22,506.78 as an unsecured claim for penalties and fines (Exhibit C to the Stipulation of Facts).

10. Neither the Trustee nor the Debtors objected to the claim of the IRS for $22,506.78 or moved to reclassify it as an unsecured nonpriority claim for penalties or fines.

11. On April 15, 1996, the Trustee filed a Notice of Surplus Funds asserting that there might be a surplus of $6,000 after all timely filed claims and expenses of administration had been paid. The notice extended the time for filing claims until June 14, 1996 (Exhibit D to the Stipulation of Facts).

12. On September 24, 1996, the Trustee filed a Notice Pursuant to Local Rule 202 of Filing of Trustee's Final Report and Application for Compensation and Reimbursement of Expenses (Final Report) and Notice of Proposed Distribution in which he proposed to pay nothing to the IRS for its claim of $22,506.78 which the Trustee had classified under the category of Fines, Penalties, and Damages. A footnote to the priority claims exhibit to the Trustee's Final Report and on page 2 of the L.B.R. 202 Notice, declared that the amount represented an IRS claim for civil penalties and was subordinated to general unsecured claimants (Exhibit E to the Stipulation of Facts).

13. The L.B.R. 202 Notice also reported Trustee's intention to distribute $26,894.11 to timely filed unsecured claims.

14. The Notice also listed the payment of other Chapter 7 expenses in the amount of $4,253.54 which a footnote states was related to the fiduciary tax liability of the Estate for federal and state tax returns.

15. The Trustee also in that same notice, stated his intention to pay $1,622.71 for priority tax claims.

16. An Order entered on October 22, 1996 approving Trustee's Application for Compensation requested as part of the Final Report (Exhibit F to the Stipulation of Facts).

17. The Trustee paid the IRS on October 22, 1996 a total of $1,552.47 on its claim. The IRS applied that amount to Debtors' liabilities for 1992 (Exhibit G to the Stipulation of Facts).

18. The Trustee did not pay the IRS for its $22,506.78 I.R.C. § 6672 claim and the Debtors have made no payments on that amount at any time.

19. Since the Debtors filed their Chapter 7 bankruptcy case they have incurred federal income tax liabilities for tax years 1993, 1994, 1995, 1997, 1999, 2000 and 2001 (Exhibit H to the Stipulation of Facts).

20. On February 7, 2003, Debtors filed this Chapter 13 case.

21. The IRS has filed a proof of claim in this Chapter 13 case claiming a total priority claim in the amount of $64,063.33. Of that amount, $41,538.87 is attributable to the I.R.C. § 6672 tax liability and interest on that amount to the Chapter 13 petition date which was not paid in or after the Chapter 7 case. The balance of the claim, $22,524.46, is for taxes and interest for the years listed in paragraph 19 above.

22. Debtors' Third Amended Plan proposes to pay the IRS a priority claim in the amount of $22,524.46. That amount does not include any of the taxes attributable to the 1993 I.R.C. § 6672 taxes. In addition, Debtors have objected to the proof of claim of the IRS.

### ISSUES

The issues presented by these facts are whether the 1993 trust taxes owed by the Debtor, Larry Spelts, in his capacity as a "responsible person" within the meaning of the Internal Revenue Code were discharged in the Debtors' prior Chapter 7 case and whether the IRS is barred from asserting otherwise in this case.[2]

2. The IRS argues an additional issue: whether the interest which has accrued on the

"trust fund taxes" since assessment in 1995 to the date of the petition in this case is also

## POSITIONS OF THE PARTIES

It is the Debtors' position that the I.R.C. § 6672 taxes ("Trust Fund Recovery Penalty" or "TFRP") claimed by the IRS in its proof of claim were discharged as a nonpriority "penalty" in their prior Chapter 7 case. It is on that basis that the Debtors object to the IRS proof of claim and have not provided for those taxes in their Third Amended Plan.

Debtors assert that the IRS is precluded under "Res Judicata from assessing or attempting to collect any income taxes, estate taxes or penalties previously adjudicated and paid by Jeffrey Hill (the Trustee) in the underlying Chapter 7 bankruptcy case" (Debtors' Objection to Proof Of Claim of Internal Revenue Service Filed June 4, 2003, paragraph 10). In their Motion for Summary Judgment, Debtors further argue that "Debtors' income tax liability" was discharged in their prior Chapter 7 case pursuant to 11 U.S.C. § 523(a)(1)(B)[3] because returns for those taxes were filed "well before the two years before" the Chapter 13 petition date. They also rely on section 523(a)(7)(B) of the Code[4] for the proposition that a tax

penalty imposed with respect to a tax return that was filed more than three years prior to the petition date is dischargeable.

The IRS through its proof of claim and objection to the Plan asserts that it is entitled to have the 1993 trust fund taxes treated as a priority claim that must, under 11 U.S.C. § 1322, be paid in full by the Debtor's plan, notwithstanding the events of the Debtors' prior Chapter 7 case.[5] The IRS relies on the language of 11 U.S.C. §§ 523(a)(1)(A) which excepts from a discharge certain priority taxes "of a kind . . . specified in section . . . 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed." Section 507(a)(8)(C) refers to "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."

## ANALYSIS

■ There is no dispute that the taxes at issue here are "trust fund taxes," as they are commonly referred to, not paid by Debtor, Larry Spelts, in his capacity as a responsible person. Such taxes fall within the explicit language of section

---

excepted from discharge. The IRS has supported its argument with a citation to an Eleventh Circuit case, *In re Burns*, 887 F.2d 1541 (11th Cir.1989), involving very similar facts which held that the interest accruing after a prior bankruptcy filing on a nondischargeable tax debt is also nondischargeable. The Debtors do not pose this as an issue and have not responded to the arguments of the IRS, presumably because it is their position that the trust fund taxes were discharged during the Chapter 7 in the first instance.

3. Section 523(a)(1)(B) provides that:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt for a tax . . . with respect to which a return, if required. . . was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition.

4. Section 523(a)(7)(B) provides that:

A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

5. 11 U.S.C. § 1322(a)(2) states:

The plan shall . . . provide for the payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; . . .

507(a)(8)(C) as a **"tax required to be collected or withheld and for which the debtor is liable in whatever capacity;"** and section 523(a)(1)(A) which excepts such taxes from a discharge under 727, **"whether or not a claim for such tax was filed or allowed."** It is also undisputed that the IRS filed a proof of claim in the Chapter 7 case for the trust fund taxes as a priority claim and that the Chapter 7 trustee did not pay them because he subordinated them as a penalty.

Although referred to as a "penalty" by the Internal Revenue Code, the Trust Fund Recovery Penalty is a tax which falls within the ambit of section 507(a)(8)(C). See *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978); *In the Matter of Taylor*, 132 F.3d 256 (5th Cir.1998). It is a tax required to be collected or withheld and for which the debtor is liable, in this case, as a responsible person.

■ The Debtors urge the Court to find that the IRS is barred from pursuing its claim for the trust fund taxes because of its failure to contest or respond to the Trustee's treatment of its claim during their prior Chapter 7. The Tenth Circuit, in *DePaolo v. United States (In re DePaolo)*, 45 F.3d 373, (10th Cir.1995), was confronted with the same argument. There the IRS had stipulated with the debtor as to the amount of its claim to be provided for in the debtor's Chapter 11 plan. The plan included the agreed upon amount and was confirmed. After confirmation of that plan, the IRS audited the debtor and assessed additional taxes. The debtors moved to reopen their case to obtain declaratory judgment that the IRS was bound by the plan and that res judicata prohibited the IRS from assessing additional taxes. The court in its opinion acknowledged the general applicability of the principles of res judicata to bankruptcy proceedings, but that the language of section 523(a)(1)(A) precluded its application under these facts:

> By expressly providing that the described taxes are not discharged *"whether or not a claim for such taxes was filed or allowed,"* 11 U.S.C. § 523(a)(1)(A) ..., Congress has determined that the IRS may make a claim for taxes for a particular year in a bankruptcy proceeding, accept the judgment of the bankruptcy court, then audit and make additional claims for that same year, even though such conduct may seem inequitable or impair the debtor's fresh start.

As we stated in *Grynberg (In re Grynberg*, 986 F.2d 367, (10th Cir.1993)),

> [a]lthough allowing the IRS to pursue its claim after the confirmation and consummation of a Chapter 11 plan admittedly conflicts with the "fresh start" policy animating the Code's discharge provisions, "it is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code." This is an express congressional policy judgment that we are bound to follow.

*DePaolo v. United States (In re DePaolo)*, 45 F.3d at 376 (citing *In re Grynberg*, 986 F.2d at 371). This Court too is bound by that congressional policy judgment.

## CONCLUSION

The Court concludes that the Debtors' characterization of the "trust fund taxes" as a penalty or an income tax which was discharged in their Chapter 7, and, consequently, subject to section 523(a)(7) is inapposite. To so argue and to argue that the IRS is barred by principles of res judicata, ignores the true nature of the

liability as a tax, the explicit language of the Bankruptcy Code and the weight of legal precedent. Accordingly, it is

**ORDERED** that the Debtor's Motion for Summary Judgment is DENIED; and it is

**FURTHER ORDERED** that Debtors' Objection to the Claim of the IRS is DENIED; and it is

**FURTHER ORDERED** that the Motion for Summary Judgment of the IRS is GRANTED; and it is

**FURTHER ORDERED** that the proof of claim of the IRS is allowed; and it is

**FURTHER ORDERED** that the Debtors' Motion to Confirm their Third Amended Plan is DENIED; and it is

**FURTHER ORDERED** that Debtors are afforded fifteen (15) days from the entry of this Order within which to file an amended plan which provides for the allowed priority claim of the IRS, failing which this case will be dismissed.