# UNITED STATES of America, Plaintiff,

v.

## Hershel KRASNOW, Defendant.

### No. 79 Civ. 1621(MEL).

United States District Court,
S. D. New York.

Oct. 15, 1982.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for plaintiff; of counsel: David M. Jones, Asst. U. S. Atty., New York City, of counsel.

Fred Dubitsky, New York City, for defendant.

LASKER, District Judge.

The government brought this action against Hershel Krasnow to collect unpaid assessed taxes owing for the taxable years 1969 and 1972, as well as accrued interest and statutory additions. Under a stipulation and partial consent order, Krasnow conceded his liability for the assessed taxes and his failure to make timely payments upon notice and demand. In accordance with the consent order, Krasnow has repaid the taxes and interest. He elected to contest, however, his liability for additions accruing under section 6651(a)(3) of the Internal Revenue Code of 1954 (the "Code"), as amended, 26 U.S.C. § 6651(a)(3), imposed on account of his failure to make prompt payment of the assessed taxes. Krasnow contends that collection of the additions is barred by the three-year statute of limitations prescribed by Code section 6501. Both parties have moved for summary judgment, and the question for determination is whether the § 6651(a)(3) additions are subject to the § 6501 limitations period.

The additions imposed by § 6651(a)(3) [1] apply to taxpayers whose returns fail to

1. Section 6651(a)(3) states:

    "(a) Addition to the Tax. In case of failure—

    \*     \*     \*     \*     \*     \*

    (3) to pay any amount in respect of any tax required to be shown on a return specified in paragraph (1) which is not so shown (including an assessment made pursuant to section 6213(b)) within 10 days of notice and

reflect their full tax liability, and who are subsequently assessed for unpaid taxes. The additions accrue upon failure to pay the assessed tax within ten days of notice and demand,[2] and accumulate at the rate of .5 percent of the unpaid tax per month, up to a total of 25 percent of the unpaid tax.

Krasnow's argument that collection of the additions is time-barred appears to present a question of first impression. Krasnow's position is based upon his reading of Code section 6659, which provides that "additions to the tax . . . shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes."[3] Krasnow argues that assessment of additions "in the same manner" as taxes, under § 6659, requires application of the three-year statute of limitations which generally governs the assessment of taxes, § 6501.[4] Since more than three years has passed since the filing of the returns in question, and the additions have not been independently assessed to date, Krasnow contends that the government is now barred from collecting them. Additions, according to Krasnow, cannot be analogized to interest—which is collected without a separate assessment—because Code section 6601(g) specifically dispenses with the need for a separate assessment in the case of interest.

The government makes several arguments in support of its position that Congress did not intend the three-year statute of limitations to apply to additions accruing under § 6651(a)(3). The government first points out that § 6651(a)(3) provides for the accrual of additions for unpaid taxes for at least 50 months, which is the number of months that must elapse before additions at the rate of .5 percent per month would amount to 25 percent of the unpaid tax. If additions under § 6651(a)(3) were required to be separately assessed within the three-year limitations period, the government argues, no additions could be collected for taxes remaining unpaid after 36 months, and Congress' provision for a potential 50-month accrual period would be rendered meaningless. The government next cites the language of § 6651(a)(3) ("there shall be added . . .") as indicating that the additions are to be mandatory and, indeed, automatic upon failure to pay assessed taxes. The government also contends that, because determining the amount of the § 6651(a)(3) additions involves only readily made mathematical calculations, formal assessment of the additions would be of little value to taxpayers, and would impose a pointless administrative burden on the IRS.

demand therefor, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount of tax stated in such notice and demand 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate."

2.  The taxpayer has an affirmative defense to imposition of the § 6651(a)(3) additions if he can show that his failure to pay the tax upon notice and demand was due to "reasonable cause" rather than "willful neglect." *See supra* note 1.

3.  Code section 6659 has been redesignated as section 6660 for returns filed after December 31, 1981. Pub.L. 97–34, § 722(a)(1), 95 Stat. 341 (1981). It is cited in this opinion as § 6659. Section 6659(a) provides in full:
    "(a) *Additions Treated As Tax.*—Except as otherwise provided in this title—

(1) The additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes;
(2) Any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter."

4.  Section 6501 states in pertinent part:
    "(a) *General rule.*—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period."

Assessment, under the Code, is "essentially a bookkeeping notation . . . made when the Secretary or his delegate establishes an account against the taxpayer on the tax rolls." *Laing v. United States,* 423 U.S. 161, 170 n. 13, 96 S.Ct. 473, 479 n. 13, 46 L.Ed.2d 416 (1976). *See* Code section 6203. An assessment is made when the IRS has determined (for example) that the tax shown on a taxpayer's return understates his true liability, or that the amount shown on the return has not been fully paid, and when the IRS formally records the amount calculated to be due. Notification to the taxpayer usually follows within 60 days of the assessment. *See* Code section 6303. The three-year limitations period on assessment, which is measured from the date of filing of the return, serves to assure taxpayers that the government will not, without the taxpayer's consent, begin or keep open an inquiry into the accuracy of the return many years after the return has been filed.[5]

The question whether § 6659, which provides that additions shall be assessed "in the same manner as taxes," requires assessment of § 6651(a)(3) additions within the three-year limitations period, turns on Congress' intent in promulgating the two provisions. The provisions were enacted at different times: section 6659 as part of the 1954 Code, ch. 736, 68A Stat. 827, and § 6651(a)(3) as part of the Tax Reform Act of 1969, Pub.L. 91–172, § 943(a), 83 Stat. 727. While § 6659 lays down a general rule regarding the treatment of additions, § 6651(a)(3) was enacted in response to a specific Congressional concern about taxpayers' increasing failure to pay taxes or assessed deficiencies on time. As the accompanying Senate Report stated:

"Since the current cost of borrowing money is substantially in excess of the 6 percent interest rate provided by the Code, it is to the advantage of taxpayers in many cases to file a return on the due date but not to pay the tax shown as owing on the return. For the period the tax remains unpaid, the taxpayer is, in effect, borrowing from the government the amount of the tax at a 6 percent rate of interest.

Similar borrowings can result from failure to pay deficiencies. . . ."

*See* S.Rep. No. 91–552, 91st Cong., 1st Sess. (1969), *reprinted in* 2 U.S.Code Cong. & Adm.News (1969), 2027, 2336. *See* 4 B. Bittker, Federal Taxation of Income, Estates and Gifts ("Bittker"), ¶ 114.3.2, at 114–13 (1981). The practical effect of the § 6651(a)(3) additions is simply to raise the interest rate on unpaid deficiencies.[6]

The government's argument that § 6651(a)(3) cannot be given full effect if the IRS is required separately to assess these additions within three years from the filing of the tax return is persuasive. If Krasnow's position were accepted, the additions could accrue at most for only 36 months, rather than for the 50-month period contemplated by the statute; and, as the government points out, the accrual period would normally be much shorter than that, because the notice and demand for unpaid taxes is itself often made toward the end of the three-year limitations period. Krasnow attempts to meet this objection by arguing that additions could be collected for 50 months if the taxpayer agreed to extend the assessment period, *see* Code section 6501(c)(4). He advances no plausible reason why a taxpayer would agree to such an extension, however, and it is in any case far-fetched to assume that Congress provid-

---

**5.** Once an assessment is made, an action to collect the tax either by levy or by court proceedings must be commenced within 6 years after the assessment of the tax. *See* Code section 6502.

**6.** At the time § 6651(a)(3) was enacted, the government charged 6 percent interest annually on unpaid taxes, pursuant to § 6601. Section 6601 was amended in 1975, Pub.L. 93–625,

§ 7(a)(2)(A), 88 Stat. 2115, so that the government now charges an annually adjustable rate of interest. *See* Code section 6621. Although the interest charged by the government is now itself more in line with the market rate, the additions prescribed by § 6651(a)(3) nonetheless continue to serve as a disincentive for "borrowing" from the government in the manner described above.

ed for a 50-month accrual period only on the chance that the statutory limitations period might be voluntarily extended by some taxpayers.[7]

Furthermore, the conclusion that separate assessment of § 6651(a)(3) additions is unnecessary would by no means drain § 6659, upon which Krasnow relies, of all meaning. Section 6659 assures (for example) that the summary procedures available for seizure of the taxpayer's property to satisfy tax debts may be employed for collection of any additions, penalties or interest owing as well. See Code section 6331. Moreover, there may well be circumstances in which separate assessment of additions other than those at issue here would be necessary. For example, when a taxpayer files late but remits the correct amount with his late return, and all that remains owing is interest and the penalty for late filing, the government would be entitled to begin summary collection proceedings by assessing the interest and applicable additions and sending a notice and demand for payment.[8] Section 6659 cannot be read as

requiring assessment in the case at bar, however, when to do so would frustrate Congress' plain intent in enacting § 6651(a)(3). "Normally, a statute must, if reasonably possible, be construed in a way that will give force and effect to each of its provisions rather than render some of them meaningless." Allen Oil Co. Inc. v. Commissioner of Internal Revenue, 614 F.2d 336, 339 (2d Cir. 1980).[9]

Finally, Krasnow has pointed to no particular harm that taxpayers suffer by not receiving a separate assessment of § 6651(a)(3) additions within the limitations period. As the Sixth Circuit has pointed out in another context, "[t]he judgment whether to impose the tax [additions] simply involves calendar dates and mathematical computations.... These taxes are quite different from the factual and legal judgments which normally are in contention when a deficiency notice is issued (e.g., whether items are deductible? what is income? etc.)." Johnston v. Commissioner of Internal Revenue, 429 F.2d 804, 807 (6th Cir. 1970).[10] The taxpayer is protected

---

7. Although not directly on point, an unpublished opinion cited by the government, United States v. Edward Zolla, CV 79–4309 (MRP) (C.D.Cal., filed Sept. 10, 1980), lends support to the government's position. In Zolla, the defendant in an action to collect assessed unpaid taxes contested his liability for unassessed additions accruing under § 6651(a)(2) (also enacted as part of the Tax Reform Act of 1969). Zolla conceded his liability for the underlying taxes, but challenged the additions on the ground that, absent an assessment of the additions, there was no evidentiary basis for imposing them. The district court held that evidence of the assessment of the taxes was a sufficient basis for collection of the additions as well. Although the statute of limitations issue was not raised in Zolla, we agree with the district court's conclusion that these additions accrue as a matter of course when a tax deficiency has been timely assessed.

8. See 4 Bittker, ¶ 111.5.1 at 111–90; ¶ 111.5.2 at 111–94; see also First National Bank in Palm Beach v. United States, 591 F.2d 1143 (5th Cir. 1979) (if penalties accruing under § 6672 have not yet been assessed, government must apply taxpayer's payments to principal amount of tax owing rather than to penalties); United States v. Dixieline Financial Inc., 594 F.2d 1311 (9th Cir. 1979) (dicta) (separate assessment of penalties may be appropriate in some cases).

9. Apart from § 6659, the only authority cited by the defendant for the proposition that additions are separately subject to the statute of limitations is a general statement to that effect in Tax Management Inc., a tax service. Tax Management Inc., Book # 28 (3rd), ¶ II 3, at A–1. We note that the Bittker treatise contains a similar statement. 4 Bittker, ¶ 114.3.1, at 114–7. Whatever may be the general validity of these statements, see Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), cert. denied, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960) (discussing timeliness of action for collection of § 6672 penalties), we doubt that either statement was drafted with the specific question before this court in mind.

10. Some courts have held that the additions prescribed by § 6651 are "mandatory," see Estate of Geraci v. Commissioner of Internal Revenue, 502 F.2d 1148 (6th Cir. 1974), cert. denied, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975); United States v. Northumberland Ins. Co. Ltd., 521 F.Supp. 70, 79 (D.N.J.1981); cf. First National Bank in Palm Beach v. United States, supra note 8, 591 F.2d at 1148 (whether to apply the additions accruing under § 6672 is within the IRS' discretion). The Government has argued that the mandatory nature of the additions means that they need not be separately assessed within the three-year limita-

from stale claims by the requirement of a timely assessment of the tax deficiency. The chief advantage to taxpayers that would result from applying a separate statute of limitations to these additions—namely, the shortening of the accrual period from 50 to 36 months—is not one that Congress appears to have intended.

The government's motion for summary judgment is granted, and the defendant's

cross-motion for summary judgment is denied.

It is so ordered.

tions period in order to be collectible. While we are inclined to agree that the IRS is required to collect the additions where applicable, we do not think that a conclusion as to whether collection is mandatory would itself settle the question of whether the statute of limitations applies to their collection. Presum-

ably, the IRS' duty to collect the additions would not relieve it from the requirement of doing so within the limitations period, if the limitations period were indeed separately applicable to the additions. We hold here, of course, that it is not.