United States Court of Appeals,

Fifth Circuit.

No. 94-20032

Summary Calendar.

In the Matter of Bruce F. FEIN, Debtor.

Bruce F. FEIN, Appellant,

v.

UNITED STATES of America, Appellee.

June 14, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Individual chapter 11 debtor Bruce Fein appeals the denial of discharge of priority tax claims.  As the plain language of the Bankruptcy Code renders these claims nondischargeable, we affirm.

I.

In April 1991, Fein petitioned for relief under chapter 11 of the Bankruptcy Code.  At that time, the Internal Revenue Service ("IRS") was auditing his liability for federal income taxes for the taxable years 1983, 1984, 1985, 1986, and 1989.  Fein did not list the IRS as a creditor in his petition or schedules, but he notified it of his chapter 11 filing.  The IRS did not file a proof of claim for any tax liabilities prior to confirmation of the plan.  In December, Fein's plan of reorganization was confirmed by the bankruptcy court.

In March 1992, the IRS issued a notice of deficiency to Fein

for the taxable years 1983, 1984, 1985, and 1989 in the amounts of $8,566, $9,952, $4,518, $3,723, and $2,539, respectively. The deficiencies resulted from improper losses attributable to Fein's participation in a tax-shelter partnership, Petro-Tech. The Commissioner also asserted addition to tax against Fein under 26 U.S.C. § 6621(c), which imposes an increased rate of interest when there is a "substantial underpayment attributable to tax motivated transactions"; under 26 U.S.C. § 6659 for an underpayment of tax which is attributable to a valuation overstatement; and under 26 U.S.C. § 6661 for a substantial understatement of income tax. Fein's petition for redetermination of the deficiencies and additions to tax is pending in the United States Tax Court.

Fein instituted an adversary proceeding in the bankruptcy court, claiming that the income tax deficiencies had been discharged by his bankruptcy proceeding. The bankruptcy court held that priority tax claims are not discharged in an individual chapter 11 proceeding and granted summary judgment to the IRS. The district court affirmed.

II.

Title 11 U.S.C. § 1141(d)(1) provides generally that confirmation of a chapter 11 plan discharges pre-existing debts, regardless of whether a proof of claim was filed or the claim was allowed. Under § 1141(d)(2), confirmation does not discharge an individual debtor from any debt excepted from discharge under 11 U.S.C. § 523, which excepts from discharge taxes entitled to priority under 11 U.S.C. § 507. Section 507(a)(7)(A)(iii) provides

2

priority status for pre-petition federal income tax liabilities not yet assessed but still assessable, such as federal income tax liabilities still under audit.

It is not disputed that the taxes at issue in this case are priority taxes. Thus, under the plain language of the Bankruptcy Code, bankruptcy does not discharge a priority tax claim that has been neither assessed nor filed. *See Grynberg v. United States (In re Grynberg),* 986 F.2d 367, 369 (10th Cir.1993) ("Section 523, when read in conjunction with § 1141(d)(2), provides that confirmation of a reorganization plan for an individual debtor will not discharge recent excise taxes "whether or not a claim for such tax was filed or allowed' "), *cert. denied,* --- U.S. ----, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993); *United States v. Gurwitch (In re Gurwitch),* 794 F.2d 584, 585 (11th Cir.1986) ("The Bankruptcy Code makes clear under 11 U.S.C. § 1141(d)(2) that the confirmation of a plan of reorganization does not fix tax liabilities made nondischargeable under 11 U.S.C. § 523 ... "whether or not a claim for such tax was filed or allowed' ").

Fein contends that a failure to discharge his tax claims would prejudice his reorganization, thereby undermining bankruptcy policy favoring a "fresh start" for debtors. While we recognize the Bankruptcy Code's interest in providing a "fresh start," this broad goal is not sufficient to defeat the Code's plain language to the contrary.

The courts of appeals that have considered this issue have concluded that in the case of individual debtors, Congress

3

consciously opted to place a higher priority on revenue collection than on debtor rehabilitation or ensuring a "fresh start." *See Grynberg,* 986 F.2d at 371; *Gurwitch,* 794 F.2d at 585-86 ("[I]t is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code.").

Fein contends that *Grynberg* and *Gurwitch* are distinguishable because, unlike those debtors, he was unaware of the tax claim. This distinction is irrelevant. Congress was concerned about "hidden liabilities" and the "undesirable uncertainty" that they create, but only with respect to corporations and partnerships. *In re Official Committee of Unsecured Creditors of White Farm Equip. Co.,* 943 F.2d 752, 756 (7th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 1292, 117 L.Ed.2d 515 (1992). Corporations and partnerships need to be free of hidden liabilities so that they can present creditors with a fixed list of liabilities and encourage creditors to deal with a reorganized debtor. *Id.* With regard to individual debtors, by comparison, the deleterious effects of hidden liabilities are less and are outweighed by the desire for revenue collection.

### III.

Fein contends that the discharge of claims in bankruptcy serves as *res judicata,* barring the government's claim. Because the Bankruptcy Code specifically makes this claim nondischargeable, however, *res judicata* does not bar it. *Gurwitch,* 794 F.2d at 585;

4

*Grynberg,* 986 F.2d at 370. In *Grynberg,* the court noted that if the IRS wanted to participate in the debtor's reorganization, it, like any other debtor, was required to submit its proof of claim. But, "like any other holder of nondischargeable debt, the IRS is also free to pursue the debtor outside bankruptcy." *Grynberg,* 986 F.2d at 370.

Fein contends that this case is controlled by *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987), which involved the *res judicata* effect of a specific provision in a reorganization plan providing for the release of a guaranty as to a creditor who participated in the bankruptcy proceeding. The creditor did not object to the provision or appeal the order of confirmation. In an action by the creditor on the guaranty, the creditor argued that *res judicata* should not apply because, based upon § 524, the provision releasing the guarantor was beyond the authority of the bankruptcy court.

The court recognized that § 524 generally has been interpreted to preclude the release of guarantors in bankruptcy. Nonetheless, "the statute does not by its specific words preclude the discharge of a guaranty when it has been accepted and confirmed as an integral part of a plan or reorganization." *Id.* at 1050. Here, in contrast, the tax liabilities were not a part of the plan, and the Code specifically provides that confirmation of the plan does not discharge such nondischargeable debts. *Republic Supply,* accordingly, is not controlling.

IV.

Fein contends that the equitable doctrine of laches bars the government from asserting its tax liabilities. That doctrine prohibits a party from asserting a claim that has been unreasonably delayed until such time as other parties have acted, or circumstances have changed resulting in severe prejudice because of the delay. *See Albertson v. T.J. Stevenson & Co.,* 749 F.2d 223, 233 (5th Cir.1984).

We need not reach the substantive issue of whether the circumstances of this case are appropriate for the invocation of laches, as laches "may not be asserted against the United States when it is acting in its sovereign capacity to enforce a public right or protect the public interest." *See United States v. Popovich,* 820 F.2d 134, 136 (5th Cir.), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987). The timeliness of government claims is governed by the statute of limitations enacted by Congress. *See United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940); *Chevron, U.S.A., Inc. v. United States,* 705 F.2d 1487, 1491 (9th Cir.1983). Fein admits that the government timely asserted the federal tax liabilities.

Because the liabilities were asserted within the statute of limitations and the laches doctrine does not apply, Fein's argument that IRS prejudiced other parties by waiting until after confirmation is irrelevant. Making these liabilities dischargeable will inevitably create some uncertainty for individual reorganization plans. When such uncertainty manifests itself, there is no reason to suppose that prejudice will result or to

6

recognize any prejudice that does result. "Inasmuch as [these taxes] are nondischargeable, ... a reasonable debtor should expect that the IRS will seek to enforce such claim." *In re Becker's Motor Transp.,* 632 F.2d 242, 249 (3d Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981).

Finding no error, we AFFIRM the judgment that Fein's priority tax liabilities in this case were not discharged by his chapter 11 petition.