BRUCE F. FEIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fein v. Commissioner
Docket No. 12905-92
United States Tax Court
T.C. Memo 1994-370; 1994 Tax Ct. Memo LEXIS 379; 68 T.C.M. (CCH) 322; August 4, 1994, Filed *379 Decision will be entered under Rule 155. R issued a notice of deficiency based in part upon the disallowance of certain partnership loss deductions that were claimed by P for the tax years 1983, 1984, 1985, and 1986. P asserts that the assessment of tax attributable to those partnership items is barred by the statute of limitations, the discharge of P's liabilities in a bankruptcy proceeding, and the doctrine of laches. P further asserts that R's determination with respect to 1984 was not supported by sufficient evidence. 1. Held: Although R's statutory notice was issued after the normal 3-year limitation period had expired, the period of limitations was extended by valid consent agreements and by the conversion, upon filing for bankruptcy protection, of P's partnership items to nonpartnership items. 2. Held, further, the Tax Court does not have subject matter jurisdiction to decide whether P's tax liability was discharged in his bankruptcy proceeding. Neilson v. Commissioner, 94 T.C. 1 (1990). 3. Held, further, R's deficiency determination and assessment is not barred by the doctrine of laches. Fein v. United States, 22 F.3d 631 (5th Cir. 1994); *380 Saigh v. Commissioner, 36 T.C. 395 (1961). 4. Held, further, R's deficiency determination with respect to the 1984 partnership loss deduction was not arbitrary or erroneous. Rule 142(a). For petitioner: Frank Sommerville. For respondent: Melanie R. Urban. HALPERN
HALPERN
MEMORANDUM FINDINGS OF FACT AND OPINION HALPERN, Judge: By notice of deficiency dated March 17, 1992, respondent determined deficiencies, additions to tax, and additional interest against petitioner and his then wife, Janet Fein, in the following amounts: Additional
Interest
Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6621(c) 6659
6661
1983
$ 8,566
[1]
$ 2,570
[2]
1984
9,952
[1]
2,986
[2]
1985
4,518
[1]
1,355
[2]
1986
3,723
[1]
1,117
[2]
1989
2,539
---
---
---
Petitioner has conceded the *381 deficiency for 1989. Petitioner has not challenged the deficiencies determined for 1983-1986 on substantive grounds, apart from his assertion that the deficiency for 1984 is arbitrary and erroneous. The issues for decision are: (1) Whether, with respect to any or all of the years here still in issue, the statute of limitations bars assessment and collection of the amounts determined by respondent, (2) whether any liability that petitioner might have for the years still in issue already has been discharged in bankruptcy, (3) whether the equitable doctrine of laches bars the Government from determining any liability for such years, and (4) whether sufficient evidence supports respondent's determinations for 1984. Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years in issue and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some facts have been stipulated and are so found. The stipulation of facts filed by the parties and accompanying exhibits are incorporated herein by this reference. Some of respondent's proposed findings of fact have been conceded by petitioner and, accordingly, are *382 so found. [1] Those facts are incorporated herein by this reference. *383 Petitioner resided in Houston, Texas, at the time the petition in this case was filed. Petitioner is a calendar-year taxpayer. Petitioner timely filed Federal income tax returns for 1983 through 1986. On each of those returns, petitioner claimed losses from an investment in Petro Tech Partners, Ltd., Partnership V (Petrotech). Oscar Strongin (Strongin) was the general partner of Petrotech from 1983 through 1986. Department of the Treasury -- Internal Revenue Service Form 872-P (Form 872-P) is entitled "Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership". Strongin executed Forms 872-P, as tax matters partner of Petrotech, for the periods shown below. Partnership
Date Return
Date Consent
Assessment
Year Extended
Was Filed
Was Executed
Extended To
1983
3/20/84
1/27/87
12/31/90
[1] 8/01/90
12/31/91
1984
4/16/85
[2] 1/21/88
12/31/90
[1] 8/01/90
12/31/91
1985
3/31/85
[2] 1/21/88
12/31/90
1/06/89
12/31/91
[1] 8/01/90
12/31/91
1986
3/13/87
1/06/89
12/31/91
[1] 8/01/90
12/31/91
*384 Strongin was the tax matters partner of Petrotech for its taxable years 1983-1986. On April 19, 1991, petitioner filed a petition for bankruptcy (the bankruptcy petition) under Chapter 11 of the Federal Bankruptcy Code. 11 U.S.C. secs. 101-1330 (1988). On December 30, 1991, petitioner's plan of bankruptcy reorganization (the plan) was confirmed. The plan did not provide for payment of Federal income tax associated with any tax year ending before the date of the bankruptcy petition. OPINION I. Statute of Limitations
Petitioner properly has raised the issue of the statute of limitations. Rule 39. Respondent's notice of deficiency is dated March 17, 1992. The limitation period primarily in question here is found in section 6229. The relevant portions of section 6229 are set forth in the margin. [2] Petitioner has made a prima facia case that respondent's notice is untimely. See Adler v. Commissioner, 85 T.C. 535, 540-541 (1985). Respondent concedes that the period of limitation bars the determination of a deficiency attributable to one nonpartnership item for the tax year 1984. We accept respondent's *385 concession. Respondent bears the burden of coming forth with evidence to prove that the period of limitations does not foreclose assessment and collection for all other items and years. Id. at 541. Once respondent has done so, the burden of coming forth with evidence returns to petitioner. Id. The burden of persuasion at all times remains with petitioner. Rule 142(a); Adler v. Commissioner, supra at 540. *386 Stipulated into evidence are Forms 872-P for Petrotech's partnership years 1983-1986. Those forms extend the time to assess tax to December 31, 1991. Strongin, a general partner of Petrotech, executed those Forms 872-P as tax matters partner of Petrotech. Respondent has met her burden of production under section 6229(b), at least up until December 31, 1991. Indeed, in a letter dated February 10, 1986, petitioner acknowledged Strongin as tax matters partner for the partnership's 1982-1985 taxable years. In that same letter, petitioner agreed that, if Strongin were unable to continue as general partner of the partnership, whoever is serving as general partner shall also serve as tax matters partner for any year under examination by the Internal Revenue Service. We have found that Strongin was the general partner of Petrotech from 1983 through 1986. Petitioner has introduced no evidence to contradict that Strongin was tax matters partner of Petrotech for its taxable years 1983-1986. We have found that he was tax matters partner for those years. Accordingly, we hold that the Forms 872-P in question were effective, within their terms, to extend the time to assess tax to December *387 31, 1991. On April 19, 1991, petitioner filed a petition in bankruptcy. Pursuant to section 6229(f) and section 301.6231(c)-7T, Temporary Proced. & Admin. Regs., 51 Fed. Reg. 13231, 13248 (Apr. 18, 1986), the partnership items of petitioner with respect to Petrotech became nonpartnership items, and the period of limitations with regard to such items was extended for 1 year from the date of such conversion. Respondent's notice of deficiency (dated March 17, 1992) was issued within that 1-year period. Petitioner does not challenge the terms of either section 6229(f) or section 301.6231(c)-7T, Temporary Proced. & Admin. Regs., 51 Fed. Reg. 13231, 13248 (Apr. 18, 1986). Rather, petitioner "maintains that the application of the temporary regulation to him is an abuse of discretion" and "is arbitrary and without justification." The nut of petitioner's complaint is that respondent ignored the bankruptcy proceeding. Petitioner would, in effect, have us punish respondent by voiding her regulation, in this situation, for not proceeding in the way that petitioner feels is most efficient. The long and short of it is that the Court of *388 Appeals for the Fifth Circuit has held that the deficiencies and other amounts here in question are debts that are nondischargable in bankruptcy, and respondent is free to pursue such debts outside bankruptcy. Fein v. United States, 22 F.3d 631 (5th Cir. 1994) (same taxpayer, same debts, question of bankruptcy proceeding as res judicata; n.b., the court states: "Fein admits that the government timely asserted the federal tax liabilities.") Nothing in either section 6229(f) or section 301.6231(c)-7T, Temporary Proced. & Admin. Regs., 51 Fed. Reg. 13231, 13248 (Apr. 18, 1986), even hints that the regulation should be applied in any way other than argued for here by respondent, and we will not do so. Finally, petitioner argues that the period of limitations has expired with respect to partnership items of Petrotech for its 1983 taxable year because of a letter petitioner sent to the Internal Revenue Service on November 21, 1986 (the letter). Petitioner contends that the letter was a request for administrative adjustment under section 6227. Petitioner further contends that a request for administrative adjustment with respect *389 to a partnership item automatically converts a partnership item into a nonpartnership item and that, as a result, the period to assess and collect tax with regard to such nonpartnership items as are here in question expired 1 year later, on November 21, 1987. See sec. 6229(f). The letter is in response to a request by respondent for petitioner to reconcile a discrepancy concerning (1) information reported to respondent by Petrotech and (2) information reported on petitioner's 1983 return. The letter reconciles that discrepancy. It is not a request for an administrative adjustment under section 6227, and we so find. See sec. 301.6227(c)-1T, Temporary Proced. & Admin. Regs., 51 Fed. Reg. 13231, 13248 (Apr. 18, 1986). Moreover, even, if it were, there is no requirement that respondent must treat all partnership items to which the request relates as nonpartnership items or that she did, indeed, so treat those items. See sec. 6227(c)(3). With regard to all items and years here in issue (other than with regard to the one nonpartnership item for 1984 that respondent conceded), we find that the period of limitations for assessing and collecting tax did *390 not expire prior to respondent's issuing her notice of deficiency on March 17, 1992. We hold that assessment and collection of tax is not barred by the period of limitations. II. Discharge of Tax Liability in Bankruptcy Case
Petitioner asserts that "The federal tax liabilities * * * [that were] the subject of the statutory notice of deficiency were discharged by confirmation of * * * [petitioner's]" plan of reorganization in the bankruptcy proceeding. The Tax Court, however, is a court of limited jurisdiction. With a few exceptions not relevant here, the Court's subject matter jurisdiction is limited to the redetermination of the correct amount of deficiencies. Sec. 6214(a). We have stated previously that "In exercising our jurisdiction to redetermine deficiencies, we are without jurisdiction to 'allow or disallow a claim against a debtor's estate * * * or to discharge taxes as a bankruptcy court might.'" Neilson v. Commissioner, 94 T.C. 1, 9 (1990) (quoting Fotochrome, Inc. v. Commissioner, 57 T.C. 842, 847 (1972)); see also Graham v. Commissioner, 75 T.C. 389, 399 (1980). *391 Thus, we find that we do not possess subject matter jurisdiction over petitioner's claim that the Federal tax liabilities were discharged in his bankruptcy proceeding. Moreover, the Court of Appeals for the Fifth Circuit has affirmed a decision of the United States District Court for the Southern District of Texas that the tax liabilities here in question were not discharged in bankruptcy. Fein v. United States, 22 F.3d 631 (5th Cir. 1994)
III. Doctrine of Laches
Petitioner contends that the doctrine of laches (or staleness of demand or claim) bars respondent's claims for the assessment of tax. That claim, with regard to this taxpayer, and with regard to the liabilities here in issue, has already been resolved against petitioner by the Court of Appeals for the Fifth Circuit. Fein v. United States, supra. We would reach the same conclusion. Foster v. Commissioner, 80 T.C. 34, 228-229 (1983), affd. in part and vacated in part on another issue 756 F.2d 1430 (9th Cir. 1985); Saigh v. Commissioner, 36 T.C. 395, 424-425 (1961). *392 We, thus, see no need to further to address that claim, and we will not. IV. Evidence to Support the 1984 Deficiency Determination
Petitioner argues that respondent's deficiency determination with respect to the taxable year 1984 partnership loss deduction is arbitrary and erroneous because there is no direct proof that petitioner took that deduction. Petitioner asserts that, before respondent can determine a deficiency based upon a disallowed deduction, respondent must have some basis upon which to believe that the deduction was in fact taken. Petitioner contends that respondent had no rational basis for determining that the Petrotech loss deduction was claimed for the tax year 1984, and, therefore, the deficiency determination attributable to that item was arbitrary. Petitioner bears the burden of proving that respondent's determination is arbitrary. Rule 142(a); Shriver v. Commissioner, 85 T.C. 1, 3 (1985); Franklin v. Commissioner, T.C. Memo. 1993-184. To support his burden, petitioner points to the fact that his 1984 personal income tax return does not specifically state that he took a Petrotech partnership *393 loss deduction for that year. Neither respondent nor petitioner has produced a copy of the relevant schedule, upon which the Petrotech deduction would have been listed. There is, however, stipulated as an exhibit a Form K-1, Partner's Share of Income, Credits, Deductions, etc., for 1984 showing an ordinary loss allocable to petitioner (and his wife) of $ 89.708 from Petrotech. Petitioner's return for 1984 shows losses from rents, royalties, partnerships, estates, trusts, etc. (Form 1040, line 18) of $ 224,498. We find that respondent's determination of a deficiency for 1984, as it results from respondent's disallowing petitioner's loss from Petrotech, is not arbitrary. Petitioner also asserts that respondent's 1984 deficiency determination is erroneous because "No evidence exists to support" respondent's determination. We believe that the evidence discussed above is sufficient to support respondent's determination. Based on that evidence and petitioner's failure to present evidence to rebut respondent's determination, we find that petitioner has not carried his burden of proof with regard to the determination of a deficiency for 1984. Rule 142(a). V. Conclusion
*394 We have found that: (1) The statute of limitations does not bar assessment of tax attributable to the Petrotech partnership items for any of the years still at issue, (2) we have no jurisdiction to determine whether petitioner's liability for taxes was discharged in his bankruptcy proceeding, (3) the doctrine of laches does not bar respondent's claims for the assessment of taxes due, and (4) petitioner has not shown that respondent's deficiency determination was arbitrary or erroneous for the tax year 1984. Therefore, we sustain respondent's determination. To reflect the foregoing, and because of the need for certain additional computations, Decision will be entered under Rule 155. Footnotes
1. Under sec. 6621(c), the interest rate on any substantial underpayment attributable to tax-motivated transactions is 120 percent of the standard underpayment rate.↩
2. Under sec. 6661, there is an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement.↩
1. Rule 151 provides in part as follows: RULE 151. BRIEFS * * * (e) Form and Content: * * * (3) * * * In an answering or reply brief, the party shall set forth any objections, together with the reasons therefor, to any proposed findings of any other party, showing the numbers of the statements to which the objections are directed; in addition, the party may set forth alternative proposed findings of fact.
In the instant case, the parties filed simultaneous opening and reply briefs. Petitioner's reply brief does not contain any objections to respondent's proposed findings. Accordingly, we must conclude that petitioner has conceded respondent's proposed findings of fact as correct, except to the extent that petitioner's proposed findings are clearly inconsistent therewith. See Stimson v. Commissioner, T.C. Memo. 1992-242; Cunningham v. Commissioner, T.C. Memo. 1989-260↩ n.6.
1. consent executed on 8/01/90 covered partnership years 1983 through 1987.↩
2. Consent executed on 1/21/88 covered partnership years 1984 and 1985.↩
2. Sec. 6229. Period of limitations for making assessments. (a) General rule. Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of -- (1) the date on which the partnership return for such taxable year was filed, or (2) the last day for filing such return for such year (determined without regard to extensions).
(b) Extension by agreement. (1) In general. The period described in subsection (a) (including an extension period under this subsection) may be extended -- (A) with respect to any partner, by an agreement entered into by the Secretary and such partner, and (B ) with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner (or any other person authorized by the partnership in writing to enter into such an agreement),
* * * (f) Items becoming nonpartnership items. If, before the expiration of the period otherwise provided in this section for assessing any tax imposed by subtitle A with respect to the partnership items of a partner for the partnership taxable year, such items become nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, the period for assessing any tax imposed by subtitle A which is attributable to such items (or any item affected by such items) shall not expire before the date which is 1 year after the date on which the items become nonpartnership items. The period described in the preceding sentence (including any extension period under this sentence) may be extended with respect to any partner by agreement entered into by the Secretary and such partner.↩