In re Betty Jean **GURLEY**, Debtor.

Cheryl Followell, as Personal Representative of the Estate of Betty Jean Gurley (Deceased), Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 97–35255.
Adversary No. 04–00179.

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Nov. 7, 2005.

John R. Dunlap, Memphis, TN, for Debtor.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

JENNIE D. LATTA, Bankruptcy Judge.

**BEFORE THE COURT** are cross motions for summary judgment filed by the parties in this suit to determine liability for interest and penalties on certain pre-petition taxes. The Plaintiff alleges that additional penalties and interest accrued on her 1996 tax liability as the result of delay and "misleading silence" by the Defendant. For the following reasons, the motion of the Plaintiff will be denied, and the motion of the Defendant will be granted. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

## FACTS

The following background facts are not in dispute. The Debtor, Betty Jean Gurley, filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 20, 1997. At that time, the Debtor's husband, William Gurley, was a debtor in another bankruptcy case pending under Chapter 7 in the United States Bankruptcy Court for the Middle District of Florida. The Defendant, United States, by its agency, the Department of the Treasury, Internal Revenue Service (IRS), was notified of both bankruptcy cases. On September 21, 1998, the Debtor's Third Amended Plan of Reorganization was confirmed. The plan provided for payment of allowed priority tax claims in seventy-two equal monthly installments, together with accrued interest at the rate of 8% per annum. The plan and confirmation order contain the following language:

> The rights afforded in the Plan and the treatment of all claims and equity interests therein shall be in exchange for and in complete satisfaction, discharge, and release of all claims and equity interests of any nature whatsoever, including without limitation, any interest accrued on such claims from and after the Petition Date, against the Debtor or any of her assets or properties.

On October 15, 1998, the Debtor's attorney, John R. Dunlap, wrote to the IRS to inform it of the confirmation of the Debtor's plan. In his letter, Dunlap states: "pursuant to the Plan, all pre-petition tax obligations [will be] payable in 72 equal monthly installments together with interest thereon at 8% per annum." The Debtor requested and received from the IRS a statement that provided for payment of the Debtor's pre-petition tax liability in the amount of $151,672.00 in 60 (not 72) monthly installments of $2,665.78. The IRS statement further indicated that the Debtor's payments would be monitored by its Nashville office, and that payments should be mailed to that office. The Debtor made the required payments to the Nashville office.

On September 15, 1999, the Debtor and her husband filed an amended federal income tax return for the tax year ended December 31, 1996, which showed additional tax owed of $178,909.00. Neither the Debtor nor her husband paid the additional tax due. The plaintiff, Cheryl Follo-

well, as personal representative of the probate estate of the Debtor, asserts that the Debtor assumed that the William Gurley bankruptcy estate would pay the additional tax because the additional income upon which the tax was owed was related to the Moltan Company, an asset of that estate. Further, Followell asserts that the Debtor did not have information available to calculate the amount of her liability, including the amount of interest accrued and penalty assessed.

On January 3, 2000, the IRS processed the amended 1996 return and internally assessed additional income tax of $178,909.00, together with interest in the amount of $45,029.24. The Debtor's tax representatives contacted the IRS in March or April 2000 to request that any of the tax liability assessed against the Debtor be added to her bankruptcy plan, and that the IRS recalculate and notify her of the amount of monthly payments to be made. On April 12, 2000, IRS Bankruptcy Specialist Paula Johnson manually reclassified the 1996 income tax liability from a regular liability to a bankruptcy liability. As a result, no additional notices were generated or sent to the Debtor regarding that liability.

The Debtor died on May 2, 2003, and Followell was appointed personal representative of the probate estate. On June 18, 2003, the IRS reversed the classification of the 1996 income tax liability from a bankruptcy to a non-bankruptcy liability. On July 7, 2003, the IRS delivered to Followell a "Notice of Intent to Levy" related to the 1996 tax liability. The notice indicated that the amount owed was $332,476.76, consisting of $178,909.00 in tax, and $153,486.76 in interest accrued and penalty assessed. Followell asserts that she was unaware of any amount owed for 1996 taxes until she received the notice of levy. Followell paid the tax due of $178,909.00, but has not paid the interest or penalties.

On December 30, 2003, Followell filed a motion to reopen the Debtor's bankruptcy case, which was granted by order entered February 6, 2004. The complaint in this case was filed March 2, 2004. The IRS filed its answer on April 28, 2004. Followell and IRS filed their cross motions for summary judgment on June 16, 2005. Followell asserts in her complaint that the failure to pay penalty is barred by the applicable statute of limitations; that interest and penalties are barred by equitable estoppel; and that interest and penalties are barred by res judicata. Neither of the motions for summary judgment addresses the first count of the complaint, that the failure to pay penalty is barred by the applicable statute of limitations.

Followell asserts first, that she is entitled to summary judgment on the basis that unreasonable delay and "misleading silence" by the IRS constitute affirmative misconduct on its part, serving to equitably estop the IRS from asserting that its claims have not been paid in full; and second, that even if the Debtor's probate estate is liable for interest on the unpaid tax, the failure to pay was due to reasonable cause and not any wilful neglect on the part of the Debtor or Followell. Followell further asserts that the Debtor's 1996 tax liability was discharged as the result of the confirmation of the Debtor's plan.

The IRS asserts first, that the failure to pay penalty was properly assessed under 26 U.S.C. §§ 6651 and 6501; second, that the 1996 income tax liability was not discharged in the Debtor's bankruptcy case because it was an unfiled priority claim not subject to discharge pursuant to 11 U.S.C. §§ 1141, 523(a)(1)(A), and 507(a)(8)(A); and third, that the Debtor's probate estate is not entitled to an abatement of the failure to pay penalty because her failure

to pay was not due to an unreasonable error or delay by an officer or employee of the IRS.

## ANALYSIS

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) ("the burden on the moving party may be discharged by 'showing' ... that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In this case, the parties have filed cross motions for summary judgment. Each party is charged with proving entitlement to summary judgment and that there is no material fact in dispute. The mere filing of the cross motions does not mean that there is no genuine issue of material fact nor obligate the court to render summary judgment. The Court must examine each motion separately in accordance with the above standards and determine that no issue of material fact exists. *Colonial Pacific Leasing v. Nancy Mayerson (In re Mayerson)*, 254 B.R. 407 (Bankr.N.D.Ohio 2000).

### A. The Failure To Pay Penalty was Timely Assessed

■ The complaint alleges that the IRS failed to assess the 25% failure to pay penalty within three years of the filing of the 1996 amended income tax return as required by 26 U.S.C. § 6501(a). The IRS correctly points out in its memorandum that the limitations period set out at § 6501(a) does not apply to the failure to pay penalty, which actually increases from 0.5 percent of unpaid tax to 25 percent of unpaid tax over a period of four years. *See* 26 U.S.C. § 6651(a)(2); *United States v. Krasnow*, 548 F.Supp. 686 (S.D.N.Y. 1982); *United States v. Bentley*, 91–2 U.S.T.C. ¶ 50,584 (E.D.Mo.1991). Followell did not address this issue in her motion for summary judgment and did not respond to the IRS's motion for summary judgment. The issue appears to have been abandoned by Followell. The failure to pay penalty was timely assessed.

### B. The Bankruptcy Court is Without Jurisdiction to Review the Decision of the Secretary of the Treasury Not to Abate Interest and Penalties

■ As an initial matter, the IRS asserts that this Court lacks jurisdiction to consider Followell's request for abatement of interest. The IRS is correct. Only the Tax Court has jurisdiction to review decisions of the Secretary of the Treasury not to abate interest. In order for a taxpayer

to obtain review of the Secretary's decision, an action must be brought within 180 days after the date of the mailing of the Secretary's final determination not to abate interest. 26 U.S.C. § 6404(h). There is no indication in the record that either the Debtor or Followell sought abatement of interest or that their request was denied. Further, the Debtor made no request pursuant to the Bankruptcy Code prior to the initial closing of her case for this court to determine the amount of tax owed. The amended return which gave rise to the additional tax liability was not filed until after the Debtor's bankruptcy plan was confirmed, and the Debtor and her husband (or their representative) calculated the amount of additional tax owed. The authority given to the bankruptcy courts to calculate the amount or legality of any tax owed by a bankruptcy debtor does not extend so far as to provide authority to abate interest accrued on an unpaid tax liability. *See* 11 U.S.C. § 505(a)(1); *Carlson v. United Sates (In re Carlson)*, 126 F.3d 915 (7th Cir.1997). This Court lacks jurisdiction to consider Followell's request for abatement of interest under any theory.

Similar considerations apply to Followell's request that this Court review the assessment of the failure to pay penalty by the IRS. There is no question that neither the Debtor nor her husband paid the additional tax calculated by them to be owed in their amended return. The additional tax was not paid until October 23, 2003, after the death of the Debtor and a threat of levy by the IRS. Followell does not dispute that the penalty was properly calculated, only that the probate estate should be excused from paying it because the IRS did not send notices of the tax, interest and penalty due during the pendency of the bankruptcy case. The failure to pay penalty arises when a taxpayer fails:

> to pay the amount shown as tax on any [income tax] return ... on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), *unless it is shown that such failure is due to reasonable cause and not due to willful neglect ....*

26 U.S.C. § 6651(a)(2) (emphasis added). According to the complaint and answer, the probate estate's request for abatement of all or a portion of the penalty was denied by the IRS. The record does not indicate whether the request and/or refusal were made in writing. This court assumes that they were.

As we have seen, review of decisions by the Secretary of the Treasury not to abate an assessment of *interest* is within the jurisdiction of the Tax Court. 26 U.S.C. § 6404(h). The statute is silent with respect to decisions not to abate tax penalties. The review procedure was established in 1996 pursuant to the "Taxpayers Bill of Rights," PL 104–168, § 302. Prior to 1996, decisions of the Secretary not to abate interest or penalties were not reviewable by any court. *See Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir.2002). Decisions not to abate tax penalties either remain subject to the discretion of the Secretary or, under an expansive reading of 26 U.S.C. § 6404(h), may be reviewed only by the Tax Court. Bankruptcy Code § 505(a)(1) does not change this result. It gives the bankruptcy courts authority to:

> determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1). The authority of the bankruptcy court does not extend to

review of the administrative decisions of the Secretary not to abate interest or penalties. Followell does not contest the amount or legality of the penalties assessed. Rather, she asserts that the IRS should be estopped from collecting the penalty because of its actions after the filing of the Debtor's amended 1996 tax return. Followell further asserts that the Debtor's 1996 tax liability was discharged as the result of the confirmation of the Debtor's plan.

This Court does not have jurisdiction to review the decision of the Secretary not to abate the tax penalty assessed as the result of the Debtor's failure to pay her 1996 tax liability. This Court does have jurisdiction to determine whether confirmation of the Debtor's plan impacts the 1996 tax obligation and whether the IRS should be estopped from collecting the tax penalty.

## C. The Confirmation of the Debtor's Plan Did Not Result in Discharge of the Debtor's Tax Liability

■ Followell asserts that the confirmation of the Debtor's plan resulted in the discharge of the Debtor's liability for 1996 federal income taxes, interest and penalties. In support of her position, Followell relies almost exclusively upon the decision of the bankruptcy court in *Burford v. Internal Revenue Serv. (In re Burford)*, 231 B.R. 913 (Bankr.N.D.Tex.1999). While decisions of other bankruptcy courts may be persuasive, they are not precedentially binding upon this Court.

■ The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under § 523 of the Bankruptcy Code. 11 U.S.C. § 1141(d)(2). Among the debts not subject to discharge are unsecured claims held by the government for certain taxes. *See* 11 U.S.C. §§ 523(a)(1). Among these are taxes on or measured by income for a taxable year ending on or before the date of the filing of the petition for which a return was last due after three years before the date of the filing of the petition. 11 U.S.C. § 507(a)(8). Such taxes are eighth in priority of distribution for unsecured claims. The due date for the filing of the Debtor's return for 1996 income taxes falls within this period.[1] Therefore, the 1996 tax liability was not only a priority claim, but also a nondischargeable obligation.

Followell argues that the plan and confirmation order constitute a binding contract that precludes the IRS from asserting that additional sums are owed. This position is at odds with the clear language of § 1141(a), which carves out from the binding effect of a confirmed plan debts excepted from discharge under § 523. 11 U.S.C. § 1141(d)(2).

While the court of appeals for the Sixth Circuit has not addressed the issue raised by Followell, the court of appeals for the Tenth Circuit has held that the IRS is not barred by *res judicata* from assessing and collecting additional taxes for a tax year provided for in a debtor's plan of reorganization. *See DePaolo v. United States (In re DePaolo)*, 45 F.3d 373, 375 (10th Cir. 1995). The court of appeals explained:

> While principles of res judicata apply generally to bankruptcy proceedings, the plain language of §§ 1141 and 523 forbid the application of those principles to the facts of this case. By expressly providing that the described taxes are not discharged *"whether or not* a claim

---

**1.** The original due date for the return and the due date for the payment of taxes was April 15, 1997. If extensions were requested, the last date for filing a return for 1996 income taxes could have been extended to October 15, 1997. The Debtor's bankruptcy petition was filed October 20, 1997.

for such taxes was filed or allowed," Congress has determined that the IRS may make a claim for taxes for a particular year in a bankruptcy proceeding, accept the judgment of the bankruptcy court, then audit and make additional claims for that same year, even though such conduct may seem inequitable or may impair the debtor's fresh start.

*Id.* at 376 (footnote and citations omitted). The same principles apply in the present case. The Bankruptcy Code does not limit the IRS to collection only of those taxes provided for in a confirmed plan. The IRS, as holder of a nondischargeable claim, is entitled to collect the full amount of tax owed, together with interest and penalties, notwithstanding the confirmation of the Debtor's plan. *Id.; see also Fein v. United States (In re Fein)*, 22 F.3d 631 (5th Cir.1994).

The question before the court in *Burford* was whether the debtor remained liable for interest accruing on pre-petition taxes after the filing of his petition. Burford's plan required that he pay the IRS "in an amount sufficient to ... fully retire the debt." Nearing the completion of his plan, Burford was informed by the IRS that it had failed to include post-petition interest in its calculation of the monthly amount needed to fully pay its debt. Burford had deferred to the IRS to provide the monthly amortization schedule needed to pay his debt under the confirmed plan. The bankruptcy court held that the debt would be satisfied when Burford completed his plan payments, and thus would be "deemed retired." *Burford* at 918. Burford's tax liability was not discharged by the plan, but payment of the debt satisfied his liability for the taxes. *Id.*

*Burford* is distinguishable from the present case. The decision in *Burford* turned upon the express language of the confirmed plan in that case and the distinc-

tion between a "claim" and a "debt" under the Bankruptcy Code. In *Burford*, the full amount of the claim was known when the plan was confirmed and the debtor relied upon the IRS to calculate the monthly amount needed to satisfy this debt. Further, the IRS did not assert its additional interest claim until six years after the plan had been confirmed.

In this case, the full amount of the claim was not known when the plan was confirmed, and this resulted from the failure of the Debtor and her husband to fully report their income for 1996, not from any neglect or misfeasance by the IRS. The Debtor knew that the additional tax was not paid with her amended return, and she knew that the monthly amount paid by her to the IRS did not increase after the filing of her amended return. Whereas the debtor in *Burford* relied upon the IRS to calculate the amount needed to fully satisfy his debt to the IRS, the Debtor in this case could not have relied upon the IRS to calculate the monthly amount owed after the filing of the amended return because the Debtor knew that despite her admission that a large additional tax liability was owed, the amount of her monthly payments never changed.

The language of the Debtor's plan in this case is not as broad as the language of the plan in *Burford*. The Debtor's plan provides for the satisfaction and discharge of "claims." The plan provides for repayment of the priority claim of the IRS together with interest. The plan does not propose to "fully retire" the Debtor's debt to the IRS. Even if it had, the fact that the full amount of the debt owed to the IRS was not known to the IRS as the result of an omission by the Debtor would dictate a different outcome in this case from that reached in *Burford*.

Followell's explanation that the Debtor thought that the additional tax would be

paid by the William Gurley estate is not persuasive. The amended tax return was filed by the Debtor and her husband, not by the William Gurley estate, even though the additional tax related to a tax period *after* the filing of the William Gurley bankruptcy case on July 26, 1995. The determination by the Florida bankruptcy court that the Moltan Company constituted property of the William Gurley bankruptcy estate was not made until August 15, 1997, and the trustee of the William Gurley bankruptcy estate did not take control of the Moltan Company until September 1997. The Debtor contested this finding by filing her own bankruptcy case on October 20, 1997. This Court ruled that the assets of the Moltan Company were property of the Debtor's estate, but subject to an equitable lien in favor of the William Gurley estate. This ruling occurred prior to the confirmation of the Debtor's plan, and well before the filing of the amended tax return. The Debtor could not have been confused about this Court's ruling, and her lack of confusion is reflected in the fact that she and her husband, rather than the William Gurley estate, filed the amended return. The Debtor's obligation to the IRS for 1996 taxes, interest, and penalties was not discharged by the confirmation of her plan.

## D. The IRS is Not Equitably Estopped from Collecting Interest and Penalties

As an alternative to her discharge argument, Followell asserts that the IRS should be equitably estopped from collecting the interest and penalty accrued on the Debtor's additional tax liability. Followell argues that unreasonable delay and misleading silence by the IRS constitute affirmative misconduct by the IRS, serving to equitably estop collection of the additional amount. Followell again relies upon the decision of the bankruptcy court in *Burford* to support her position, and in addition cites the decision in *Fredericks v. Comm'r*, 126 F.3d 433 (3rd Cir.1997).

It seems clear that Followell's equitable estoppel argument is yet another way of seeking judicial review of a decision by the Secretary of the Treasury not to abate interest and penalty. It is not a legal argument, but an equitable argument. Equitable estoppel against the government is an extraordinary remedy, if it exists at all. *See Gardner v. United States*, 360 F.3d 551, 559 (6th Cir.2004) citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 419, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). Assuming that estoppel may lie against the government, in order to prevail, a party must demonstrate that the government has engaged in affirmative misconduct. *Id.* citing *United States v. Guy*, 978 F.2d 934, 937 (6th Cir.1992). Affirmative misconduct is more than mere negligence. *Michigan Express, Inc. v. United States*, 374 F.3d 424, 427 (6th Cir.2004). Instead, affirmative misconduct is:

> An act by the government that either intentionally or recklessly misleads the claimant. The party asserting estoppel against the government bears the burden of proving an intentional act by an agent of the government and the agent's requisite intent.

*Id.* In this case the Debtor clearly knew the true facts and did not rely upon the IRS to her injury. She filed the amended return that revealed the additional tax owed. She filed the amended return well after the original return and the tax were due. The amended return stated the amount of additional tax owed. Had she paid the tax with the amended return, no additional interest or penalty would have accrued. The Debtor knew that the amount of her monthly payment to the IRS did not increase, and thus could not

have reasonably relied upon delay by the IRS in calculating the interest and penalty owed. Nothing in the record presented by Followell indicates that the IRS had information the Debtor did not have. Calculation of the tax owed was made by the Debtor or her representative. Calculation of interest and penalty owed was based upon information publicly available, and could as easily have been made by the Debtor's tax advisor as by the IRS.

The only intentional act by the IRS pointed to by Followell is the act of classifying the 1996 income tax liability of Mr. and Mrs. Gurley as a bankruptcy filing. Beyond this, she alleges that the IRS neglected to send any notice to the Debtor regarding adjustments of the installment amount with respect to the 1996 liability, and waited more than three years after the closing of the Debtor's bankruptcy case to do anything about the 1996 income tax liability. Negligent acts do not rise to the level of affirmative misconduct, and the designation of the income tax liability as a bankruptcy filing has not been alleged or shown to have resulted from an intent to mislead the Debtor.

If this Court were to exercise jurisdiction over Followell's claim for abatement of interest and penalties, which it has declined, and if equitable estoppel were available as a defense against collection efforts of the government, which is questionable, this Court would nevertheless conclude that Followell has simply failed to establish affirmative misconduct on the part of the IRS.

Nothing in the decisions of *Burford* or *Fredericks* relied upon by Followell changes this result. *Burford,* as we have seen, is factually distinguishable. *Fredericks* involved review of a decision of the Tax Court, and thus does not raise the jurisdictional issues present in this case. Further, the legal principle in *Fredericks*

does not differ from that of the Sixth Circuit: equitable estoppel as a defense against government claims requires the establishment of affirmative misconduct on the part of government officials. *Fredericks,* 126 F.3d at 438.

### CONCLUSION

For the foregoing reasons, the motion of Followell for summary judgment is **DENIED** and the motion of the IRS is **GRANTED**. Judgment will be entered for the IRS declaring its right to collect taxes, interest and penalties accrued with respect to the 1996 tax year from the probate estate of Betty Jean Gurley.