In re Wayne O. OLSON, Debtor.

Judith M. Green, Plaintiff,

v.

Wayne O. Olson, Defendant.

Bankruptcy No. 05–41270.
Adversary No. 05–4086.

United States Bankruptcy Court,
D. Minnesota.

Oct. 24, 2005.

Robert J. Hoglund, Roseville, MN, for Debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT

NANCY C. DREHER, Bankruptcy Judge.

This matter came before the court for trial on October 6, 2005. Appearances were noted on the record. Based on all of the pleadings, exhibits, and testimony adduced at trial, the court now makes the following:

### FINDINGS OF FACT

On September 6, 1998, Defendant Wayne O. Olson ("Olson"), assaulted Plaintiff, Judith M. Green ("Green"). Olson pled guilty and was convicted and sentenced on March 3, 1999. On October 26, 2000, the Minnesota State District Court made several finding of fact after Olson's contested restitution hearing. As a result of that hearing, the court ordered Olson to make restitution to Green to compensate Green for the damages she suffered as a result of Olson's assault. The state court also reviewed Green's employment and income history, the impact the assault had on her loss of wages, and other financial hardships created by the assault. The state court ordered Olson to pay Green $20,081.82 in restitution.[1]

After entry of the restitution order, Green sued Olson in Minnesota State District Court and the parties entered into a stipulation, filed October 23, 2003, that acknowledged that Olson acted with "general intent" when he physically assaulted Green, and that the stipulation could be introduced as part of a bankruptcy proceeding. The stipulation also provided that Olson pay Green $36,000.00 in compensation for pain and suffering and future medical expenses and acknowledged that the issue of lost wages was previously addressed by the October 26, 2000, Restitution Order.[2] Judgment was entered based on the stipulation on November 4, 2003, granting Green a judgment against Olson in the amount of $36,000.00.[3] These prior orders and judgments, although helpful in establishing the basic facts, do little to describe the extent of Olson's brutal domestic assault of Green.

1. See Plaintiffs Exhibit 1 (Findings of Fact, Conclusions of Law and Order for Judgment filed October 26, 2000 in Anoka County, State of Minnesota. File No. K1–98–8362).

2. See Plaintiff's Exhibit 2 (Stipulation filed October 23, 2003, in Anoka County, State of Minnesota. File No. C8–00–2109)

3. See Plaintiff's Exhibit 3 (Order filed October 30, 2003, in Anoka County, State of Minnesota. File No. C8–00–2109)

Green and Olson are the parents of Christopher, a child of six at the time of the incident. Much of Olson's and Green's trial testimony centered on the visitation disputes between them, primarily involving supervised visitation issues between Olson and Christopher. On the night of the assault, Olson, Christopher, and Green's brother Mark, returned from an evening out. Although some of the underlying facts of the event are unclear, what is not disputed is that Olson and Green engaged in an heated argument upon Olson's return and Green requested that Olson leave her property. Olson acknowledged in his testimony that he should have left, but did not, choosing instead to continue the confrontation. Olson, a man about six feet tall with a sturdy build, contends that Green pushed him in the chest during this exchange.[4] Green, a woman little more than five feet tall and one hundred pounds, denies pushing Olson, but no one credibly disputes what happened next. Olson struck Green in the hallway and Green fled into her bedroom locking, or at least attempting to lock, the door behind her. Olson gave chase, kicking in the bedroom door, turning over the bed, and proceeded to pummel Green, punching her repeatedly in the face, kicking her in the stomach, knocking some of her teeth out, and leaving her bleeding, her mouth and eyes swollen and face cut and bruised. Six pictures, contained within Plaintiff's Exhibits 7, 8, and 9, show in graphic detail the aftermath of this brutal assault. To make those despicable acts even more disgusting, this event took place before the very eyes, or at the very least, within earshot, of Olson and Green's six year old son and who witnessed the aftermath of the assault of his mother.

## PROCEDURAL HISTORY

On March 4, 2005, Olson filed a Chapter 7 bankruptcy petition. Green filed this adversary complaint on April 5, 2005, and Olson received his Chapter 7 discharge on June 13, 2005. The parties filed a stipulation of facts in which Olson acknowledged his guilty plea, the order for restitution, the civil judgment, and that he acted with "intent" when he assaulted Green. Green seeks to except Green's judgments against Olson from his discharge pursuant to 11 U.S.C. § 523(a)(6). Olson's only defenses, if they can be called such, are that the assault was not premeditated so he lacked the requisite intent necessary to except the debts from discharge and that he cannot afford to pay the civil judgment. Although some confusion exists as to whether Green seeks to except both the restitution judgment and the civil judgment from discharge, and Olson acknowledges that he is still believes he is responsible for the restitution debt, the events that resulted in the judgments are the same and I will consider both judgments to be the subject of this order.

## BURDEN OF PROOF

Section 523(a)(6) provides that debts "for willful and malicious injury by the debtor to another entity" are not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(6)(2000). "Willful and malicious are two distinct requirements that [Green], as the party seeking to avoid the discharge of the debt, must prove by the preponder-

---

4. Although Olson was a credible witness, two troubling undercurrents existed in his testimony: (1) Green made him angry so it was her fault she was beaten; and (2) a complete lack of remorse. The central theme of his testimony was that he was trying to re-estab- lish a relationship with his son and he needed relief from the burden of his debt because of his financial obligations in trying to re-establish that relationship. Facts totally irrelevant to the matter at hand.

ance of the evidence before the § 523(a)(6) exception to discharge applies." *In re Scarborough* 171 F.3d 638, 641 (8th Cir. 1999) (*citing Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)) (holding that the preponderance of the evidence standard applies to § 523 claims); *Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir.1991) (noting that willful and malicious are distinct elements of the § 523(a)(6) exception).

## CONCLUSIONS OF LAW

■ Willfulness is defined as " 'head-strong and knowing' conduct and 'malicious' as conduct 'targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause ... harm.' " *In re Miera*, 926 F.2d at 743–44 (*quoting Barclays Am./Bus. Credit. Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir.1985)). As stated in *Geiger*, "nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 60–61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Therefore, malice requires more than just reckless behavior by Olson, but that Olson must have acted with the intent to harm Green rather than merely acting intentionally in a way that resulted in harm. *Scarborough*, 171 F.3d at 641 (*citing Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)). In this case, no other conclusion could possibly be reached other than Olson intended to hit Green, therefore the act was willful, and by hitting Green, intended to harm her, making

the act "malicious" within the meaning of that statute because it was "targeted at the creditor," Green. *Siemer v. Nangle (In re Nangle)*, 274 F.3d 481, 484 (8th Cir.2001). It is precisely this type of willful and malicious tort that § 523(a)(6) was meant to address. See *Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492 (8th Cir. BAP 2005) (*citing Geiger*, 523 U.S. at 62, 118 S.Ct. 974) (The category of injury that the Supreme Court envisioned was that of an intentional tort. "[T]he (a)(6) formulation triggers ... the category of intentional torts, as distinguished from negligent or reckless torts.").

■ Olson admittedly committed assault in the third degree, but argues in his trial brief that he committed the crime with "general intent," not specific intent. "[A] crime is a general-intent crime if the only intent required is to do the act which is prohibited by the statute." *State v. Lindahl*, 309 N.W.2d 763, 766 (Minn.1981). Assault is defined by the Minnesota Criminal Code as "(1) An act done with intent to cause fear in another of immediate bodily harm or death" or "(2) The intentional infliction of or attempt to inflict bodily harm upon another." MINN.STAT. ANN. § 609.02, subd. 10. By his own admission, Olson is criminally guilty of intentionally inflicting bodily harm to Green. Olson's argument that assaulting Green with "general intent" is somehow a defense in this adversary proceeding is meritless, verging on unconscionable.[5] His contention that he acted without premeditation and that is

---

5. An attorney represented Olson in this case and filed pleadings contending that Olson had a viable defense to Olson's complaint warranted by existing law or by a nonfrivolous argument for the reversal of existing law or the establishment of new law. See FED. R. BANKR. P. 9011(b)(2). Rule 9011 also requires that any denials of factual contention must be warranted on the evidence. See FED. R. BANKR. P. 9011(b)(4). Such was not the case. Olson's defenses were meritless, frivolous, and may have been presented for an improper purpose. See FED. R. BANKR. P. 9011(b)(1). Whether a violation of Rule 9011 occurred in this case will, however, be addressed at a separate Order to Show Cause hearing directed to Olson's counsel and not to Olson personally. See FED. R. BANKR. P. 9011(c)(1)(B).

that he did not intend to injure Green when he entered her home is irrelevant. Nowhere in the statute or in case law is premeditation a requirement of either the willful or malicious element of § 523(a)(6). Therefore, both the civil judgment obtain by Green and the judgment for restitution shall be excepted from Olson's discharge pursuant to 11 U.S.C. § 523(a)(6).

ACCORDINGLY, IT IS HEREBY ORDERED THAT

1. Defendant Wayne O. Olson's debt for restitution pursuant to judgment entered on October 26, 2000, in the Tenth Judicial District, State of Minnesota, File No. K1–98–8364, in favor of Plaintiff Judith M. Green is excepted from Defendant's discharge.

2. Defendant Wayne O. Olson's debt for damages pursuant to judgment filed on October 30, 2003, in the Tenth Judicial District, State of Minnesota, File No. C8–00–2109, in favor of Plaintiff Judith M. Green is excepted from Defendant's discharge.

LET JUDGMENT BE ENTERED ACCORDINGLY.