FILED
U.S. Bankruptcy Appellate Panel
of the Tenth Circuit

**July 20, 2021**

**Blaine F. Bates**
**Clerk**

PUBLISH

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

———————————————————————

| | |
|---|---|
| IN RE STEPHEN CHARLES JUDGE, | BAP No. CO-20-050 |
| Debtor. | |
| ——————————————————— | |
| JAMES W. PERRY, | Bankr. No. 19-11653 |
| Plaintiff - Appellee, | Adv. No. 19-01140 |
| | Chapter 7 |
| v. | |
| STEPHEN CHARLES JUDGE, | OPINION |
| Defendant - Appellant. | |

———————————————————————

**Appeal from the United States Bankruptcy Court**
**for the District of Colorado**

———————————————————————

Phillip Jones of Williams, Turner & Holmes, P.C., Grand Junction, Colorado for Stephen Charles Judge - Appellant.

J. Michael Considine, Jr. of J. Michael Considine, Jr., P.C., Philadelphia, Pennsylvania for James W. Perry - Appellee.

———————————————————————

Before **CORNISH**, **MICHAEL**, and **HALL**, Bankruptcy Judges.

———————————————————————

**HALL**, Bankruptcy Judge.

———————————————————————

In a scene straight out of a western movie, a bar fight on the Western Slope of Colorado provides the backdrop for this appeal. Appellant Stephen Judge ("Judge")

appeals the Order and Judgment of the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court") excepting from his discharge a state court personal injury judgment arising from a bar fight under 11 U.S.C. § 523(a)(6). Finding no error in the Bankruptcy Court's fact finding or legal analysis, we AFFIRM.

## I.     Factual and Procedural History

James Perry ("Perry") and Judge were both at the crowded Derailed Pour House bar in Grand Junction, Colorado (the "Derailed Pour House") on the evening of January 31, 2015.[1] The two men were sitting at bar stools, back to back and turned away from each other seemingly absorbed in their own conversations.[2] Suddenly, Judge aggressively elbowed Perry in the back. Perry turned and appeared to say something to Judge and turned back away from Judge.[3] In response, and only after Perry had his back to Judge again, Judge struck Perry on the head with a glass coffee mug.[4] Perry reacted by hitting Judge with his drink, breaking the glass in Judge's face.[5] The broken glass injured Perry's hand in the process.[6] Bystanders, including Thomas Baca ("Baca"),[7] intervened in the fray and stopped the fight from escalating further.[8]

---

[1]The brief fight was captured on a video camera at the Derailed Pour House and is consistent with Perry's account of the fight. Appellee's App. at 1. No video footage supports Judge's account of the fight or the events leading up to it. Appellee's App. at 1.

[2]*Id.*

[3]*Id.*

[4]*Id.* Perry suggests a glass coffee mug is "much lighter than a beer mug." *Tr.* at 43, *in* Appellant's App. at 52.

[5]Appellee's App. at 1.

[6]*Tr.* at 20-21, *in* Appellant's App. at 29-30.

[7]Baca also sustained injuries in the bar fight.

[8]Appellee's App. at 1; *Tr.* at 16-18, *in* Appellant's App. at 25-27.

Perry received treatment at a hospital for the injuries to his face, neck, and hand.[9] Judge also received medical treatment for his injuries. Judge later pled guilty to third-degree assault.[10] Perry, however, was not criminally charged for his involvement in the bar fight.[11] Perry and Baca sued Judge in the La Plata County, Colorado District Court (the "State Court"). Judge defaulted, and the State Court awarded Perry a $150,000 judgment and Baca a $75,000 judgment on June 22, 2018 (the "State Court Judgment"), after a damages hearing.[12]

Judge subsequently filed a chapter 7 petition on March 8, 2019. Perry and Baca then filed an adversary proceeding to have the State Court Judgment declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6).[13] The Bankruptcy Court conducted a trial in the adversary proceeding on July 9, 2020. Perry, Judge, and their counsel appeared via video conference. Baca did not appear for reasons not relevant to this appeal. In addition to the State Court Judgment and the testimony of both Perry and Judge, the key piece of evidence at trial was the video recording of the bar fight from the Derailed Pour House's security camera.[14]

Following trial, the Bankruptcy Court entered the Order and Judgment in favor of Perry excepting the State Court Judgment from Judge's discharge pursuant to

---

[9]*Tr.* at 19-20, *in* Appellant's App. at 28-29.
[10]*Tr.* at 25, *in* Appellant's App. at 34.
[11]*Tr.* at 35, *in* Appellant's App. at 44.
[12]*State Court Judgment*, *in* Appellant's App. at 86.
[13]*Complaint*, *in* Appellant's App. at 4-6. All future references to "Bankruptcy Code," "Code," or "§," refer to Title 11 of the United States Code.
[14]Appellee's App. at 1.

§ 523(a)(6).[15] The Bankruptcy Court found Judge's self-serving, uncorroborated testimony lacking in credibility.[16] The Bankruptcy Court concluded Perry's injuries proximately resulted from Judge's actions, which were intended, or at least were substantially certain, to cause injury to Perry. Judge timely filed a notice of appeal on November 16, 2020.[17]

## II.     Jurisdiction

This Court has jurisdiction to hear timely-filed appeals from 'final judgments, orders, and decrees' of bankruptcy courts within the Tenth Circuit with the parties' consent.[18] An order resolving all claims asserted in an adversary proceeding is a final order for purposes of 28 U.S.C. § 158(a).[19] And, neither Perry nor Judge elected for this appeal to be heard by the United States District Court for Colorado under 28 U.S.C. § 158(c).[20] Thus, this Court has jurisdiction over this appeal.

---

[15]*Order* at 5, *in* Appellant's App. at 92; *Judgment*, *in* Appellant's App. at 94. The Bankruptcy Court concluded Baca's judgment against Judge was dischargeable because the recording showed Judge could not see Baca when he struck him. Therefore, per the Bankruptcy Court, Judge could not intentionally cause injury to Baca. The Bankruptcy Court denied Baca's motion to reconsider. *Order* at 3, *in* Appellant's App. at 103. Baca did not appeal.

[16]*Tr.* at 44 and 51, *in* Appellant's App. at 53 and 60. Judge provided no evidence from witnesses, additional excerpts from the video recording, or any statements made to the police in connection with the bar fight which, in any form or fashion, supported his claims that Perry "bulled" his way into the Derailed Pour House and stepped on Judge's foot and that Judge acted merely in self-defense to actions taken by Perry.

[17]*Notice of Appeal and Statement of Election*, *in* Appellant's App. at 104.

[18]28 U.S.C. § 158(a)(1), (b)(1), and (c)(1).

[19]*Adelman v. Fourth Nat'l Bank & Tr. Co, N.A., of Tulsa (In re Durability, Inc.)*, 893 F.2d 264, 266 (10th Cir. 1990) ("the appropriate 'judicial unit' for application of [finality] requirements in bankruptcy is not the overall case, but rather the particular adversary proceeding" (citing multiple cases)).

[20]*Notice of Appeal* at 2, *in* Appellant's App. at 105.

### III.    Issues & Standard of Review

Judge asserts two issues on appeal:

1.    Whether the Bankruptcy Court erred in finding all of the injuries suffered by Perry were a result of a willful and malicious act by Judge; and

2.    Whether, if all of Perry's injuries were not the result of a willful and malicious act, the Bankruptcy Court erred in finding the total judgment amount nondischargeable.

A bankruptcy court's determination of whether a debt is nondischargeable under § 523 is a legal question reviewed *de novo*.[21] Whether a party acted "willfully and maliciously necessarily involves inquiry into and finding of intent, which is a question of fact" reviewed for clear error.[22] "The amount of damages is a finding of fact and is clearly erroneous only 'if it is without factual support in the record or if, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been made.'"[23]

---

[21]*United States v. Victor*, 121 F.3d 1383, 1386 (10th Cir. 1997) (citing *In re Grynberg*, 986 F.2d 367, 369 (10th Cir. 1993)).

[22]*First Am. Title Ins. Co. v. Smith* (*In re Smith*), 618 B.R. 901, 910-11 (10th Cir. BAP 2020) (quoting *Suotsos v. Johns (In re Johns)*, 397 B.R. 544, 2008 WL 3200096, at *3 (10th Cir. BAP Aug. 8, 2008) (unpublished)).

[23]*Niemi v. Lasshofer*, 770 F.3d 1331, 1354 (10th Cir. 2014) (quoting *SW Stainless, LP v. Sappington*, 582 F.3d 1176, 1183 (10th Cir. 2009)).

## IV.     Discussion

### a.     Liability for all injuries under § 523(a)(6)

By design, the Bankruptcy Code "limits the opportunity for a completely unencumbered new beginning to the 'honest but unfortunate debtor.'"[24] Section 523(a) reflects Congress' decision to protect honest debtors by excluding certain categories of debts from a debtor's discharge based on a debtor's unacceptable conduct, such as dishonesty, fraud, or intentional injury.[25] Section 523(a)(6), thus, prevents the damages arising from a debtor's brutal attack on a creditor from being discharged.[26] To do otherwise would allow a debtor to escape liability by discharging his judgment debt and undermine the deterrent efficacy of tort law without serving any policy of the Bankruptcy Code.[27]

Consequently, § 523(a)(6) excepts from discharge debts for willful and malicious injury. To prevail under § 523(a)(6), a creditor must prove both a willful act and a malicious injury.[28]

---

[24]*Bank One, a Nat'l Banking Ass'n v. Kallstrom* (*In re Kallstrom*), 298 B.R. 753, 758 (10th Cir. BAP 2003) (citing *Grogan v. Garner*, 498 U.S. 279, 287 (1991)).

[25]*Cohen v. de la Cruz*, 523 U.S. 213, 217 (1998) (citing *Grogan v. Garner*, 498 U.S. at 287).

[26]*Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 324 (7th Cir. 2012).

[27]*Jendusa-Nicolai*, 677 F.3d at 324.

[28]*Panalis v. Moore* (*In re Moore*), 357 F.3d 1125, 1129 (10th Cir. 2004); *First Am. Title Ins. Co. v. Smith* (*In re Smith*), 618 B.R. 901, 912 (10th Cir. BAP 2020).

### b.  Willful Injury under § 523(a)(6)

"For an injury to be 'willful,' there must be a deliberate or intentional injury, not merely 'a deliberate or intentional act that leads to injury.'"[29] This is a subjective standard[30] and generally encompasses intentional torts: debts resulting from recklessness or negligence are not within the scope of § 523(a)(6).[31]

### c.  Malicious Injury under § 523(a)(6)

Malicious intent is established by evidence that the debtor had knowledge of another's rights and, notwithstanding such knowledge, proceeded to take action in violation of those rights.[32] In determining if an injury was malicious, "evidence of the debtor's motives, including any claimed justification or excuse, must be examined to determine whether the requisite 'malice' in addition to 'willfulness' is present."[33]

> All the surrounding circumstances, including any justification or excuse offered by the debtor, are relevant to determine whether the debtor acted with a culpable state of mind vis-a-vis the actual injury caused the creditor. A willful and malicious injury requires more than negligence or recklessness. . . . For an injury to be "malicious," therefore, the debtor's actions must be wrongful. . . . In summary, the totality of the circumstances must be examined to determine if a wrongful state of mind was present in [Debtor] when he caused injury to [Plaintiff].[34]

---

[29]*Smith*, 618 B.R. at 912 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)).

[30]*Id.* (citing *Mitsubishi Motors Credit of Am., Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir BAP 1999)).

[31]*Barenberg v. Burton* (*In re Burton*), 463 B.R. 142, 2010 WL 3422584, at *6 (10th Cir. BAP Aug. 31, 2010) (citing *Geiger*, 523 U.S. at 64).

[32]*Dorr, Bentley & Pech v. Pasek (In re Pasek)*, 983 F.2d 1524, 1526 (10th Cir. 1993) (citing *C.I.T. Financial Servs. Inc. v. Posta (In re Posta)*, 866 F.2d 364, 367 (10th Cir. 1989)).

[33]*Smith*, 618 B.R. at 919 (quoting *Pasek*, 983 F.2d at 1527).

[34]*Smith*, 618 B.R. at 919-20 (citations omitted).

In short, to be malicious, "the debtor's actions must be wrongful."[35]

### d.    Judge willfully and maliciously injured Perry

On appeal, Judge does not argue Perry's injury stemming from breaking the mug over Perry's head fails to satisfy the willful and malicious standard under § 523(a)(6). In fact, at oral argument, Judge's counsel conceded Judge's actions in striking Perry were willful and malicious. However, Judge argues Perry's injuries to his hand arose when Perry hit Judge in the face with his own glass and not as a result of any of Judge's actions. Consequently, per Judge, Perry's hand injuries could not be intentionally caused by Judge. Judge further asserts the majority of Perry's damages resulted from the injury to Perry's hand rather than to his face, having been caused by Perry's defensive strike on Judge. Accordingly, Judge argues the amount excepted from his discharge should be apportioned between the damages from the injury to Perry's head versus the injury to Perry's hand.

### 1.    Willful Injury

Section 523(a)(6) applies to acts done with "the actual intent to cause injury."[36] "A willful injury may be established by direct evidence that the debtor acted with the specific intent to harm a creditor or the creditor's property, or by indirect evidence that the debtor desired to cause the injury or believed the injury was substantially certain to occur."[37] The Bankruptcy Court satisfied the willfulness standard by explaining "Judge

---

[35]*Id.* at 919 (citing *Doe v. Boland (In re Boland)*, 596 B.R. 532, 546 (6th Cir. BAP 2019)).

[36]*Panalis v. Moore* (*In re Moore*), 357 F.3d 1125, 1128 (10th Cir. 2004) (citing *Geiger*, 523 U.S. at 57).

[37]*Smith*, 618 B.R. at 912.

acted intentionally, and at the very least his actions were 'substantially certain to cause . . . injury.'"[38] The video clearly establishes Judge's actions were neither negligent nor reckless - Judge was the initial aggressor provoking, and then attacking, Perry. Judge struck an unsuspecting Perry on the head with a glass mug with such force it broke. Given the sheer brutality with which Judge struck Perry suddenly and without warning, "no other conclusion could possibly be reached other than [Judge] intended to hit [Perry], therefore the act was willful."[39] "[H]aymakers, like most garden-variety punches to the face, are objectively very likely to cause harm."[40]

Contrary to Judge's argument, the crucial question is not whether Judge intended to specifically cause harm to Perry's hand but whether Judge intended to cause harm to Perry.[41] "[T]o constitute a willful act under § 523(a)(6), the debtor must desire to cause the consequences of his act or believe that the consequences are substantially certain to result from it."[42] It is clear Judge intended to start a bar fight, and Judge "intended, or expected, to cause [ ] damage" to Perry.[43] And, the damage resulting to Perry was proximately caused[44] by Judge's actions.[45]

---

[38]*Perry v. Judge (In re Judge)*, 621 B.R. 34, 38 (Bankr. D. Colo. 2020) (quoting *Diamond v. Vickery (In re Vickery)*, 526 B.R. 872, 880 (Bankr. D. Colo. 2015)).

[39]*Green v. Olson* (*In re Olson*), 333 B.R. 835, 838 (Bankr. D. Minn. 2003) (quoting *Siemer v. Nangle* (*In re Nangle*), 274 F.3d 481, 484 (8th Cir. 2001)).

[40]*Berry v. Vollbracht* (*In re Vollbracht*), 276 Fed. App'x 360, 362 (5th Cir. 2007) (unpublished).

[41]*State Farm Fire & Casualty Co. v. Edie* (*In re Edie*) 314 B.R. 6, 17 (Bankr. D. Utah 2004).

[42]*Cocoma v. Nigam* (*In re Nigam*), 780 F. App'x 559, 563 (10th Cir. 2019) (unpublished) (citing *Moore*, 357 F.3d at 1129).

[43]*Edie*, 314 B.R. at 17.

[44]The Tenth Circuit Court of Appeals provides "[u]nder Colorado law, an event is regarded as the proximate cause of an injury 'if in the natural and probable sequence of

9

Courts have long allowed an exception to discharge under § 523(a)(6) to cover not only the damages arising from a specifically intended injury but also damages derivative of the intended injury.[46] Based on the series of events depicted in the video of the bar fight, it was not error for the Bankruptcy Court to conclude Perry would not have suffered the injury to his hand had Judge not first struck Perry on the head, something which Judge inescapably intended to do. By hitting Perry on the head with a glass mug, Judge intended to start a bar fight and either intended to harm Perry[47] or at least believed injury was

---

things, it produced the claimed injury. It is an event without which the injury would not have occurred.'" *Renaud v. Martin Marietta Corp.*, 972 F.2d 304, 306 (10th Cir. 1992) (quoting *In re Swing Flu Immunization Prod. Liab.*, 495 F. Supp. 1188, 1206 (D. Colo. 1980) (unpublished)).

[45] *Perry v. Judge (In re Judge)*, 621 B.R. 34, 38 (Bankr. D. Colo. 2020) ("The Court further finds [the Plaintiff's] injuries upon which his claim against [the Defendant] is based were the proximate result of [the Defendant's] actions. Even though a portion of [the Plaintiff's] injuries were sustained when he struck [the Defendant] with his own glass, the video demonstrates the cause of the initial aggression was [the Defendant], and [the Plaintiff's] claim is based on the injuries he sustained in the course of the altercation as a whole.").

[46] *Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 322 (7th Cir. 2012) (court excepted from discharge not only damages arising from beating and sealing plaintiff in a trash can with snow in an unheated garage but also damages associated with the amputation of her toes and miscarriage resulting from such actions as well as the damages of her husband and children for loss of consortium); *Glencoe Holdings, LLC v. Bloom (In re Bloom)*, 622 B.R. 366, 438-40 (Bankr. D. Colo. 2020) (purpose of § 523(a)(6) is to make the creditor whole if willful and malicious injury is proved; thus, the debt excepted extends to all liability for harm, including direct and consequential damages, exemplary damages costs and attorney fees arising therefrom); *Sergejev v. Alderman (In re Alderman)*, No. 19-12626-J7, 2021 WL 866691, at *9 (Bankr. D. N.M. March 8, 2021) (unpublished) (all damages arising from the non-dischargeable conduct are non-dischargeable). See, *e.g.*, *Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998) ("Once it is established that specific money or property has been obtained by fraud . . . 'any debt' arising therefrom is excepted from discharge.")

[47] *Greutben v. Olson (In re Olson)*, 333 B.R. 835, 838 (Bankr. D. Minn. 2003) (quoting *Siemer v. Nangle (In re Nangle)*, 274 F.3d 481, 484 (8th Cir. 2001).

substantially certain to result from his actions.[48] It was foreseeable and even predictable

Perry, as the victim of an aggressive, unexpected assault, would fight back.[49]

## 2.    Malicious Injury

Malice, on the other hand, requires conduct that is wrongful and without just cause

or excuse.[50] While Judge testified he acted in self-defense[51] to aggressive actions initiated

by Perry, Judge failed to present any evidence corroborating his claim, such as additional

excerpts from the video recording from the Derailed Pour House, statements made to the

police at the time of the fight, or testimony of eyewitnesses, of which the video reflects

there were many. Given the totality of the evidence before the Bankruptcy Court,

including the video of the bar fight clearly establishing Judge as the aggressor,

unexpectedly and aggressively striking Perry on the head with his glass mug while

Perry's back was turned to him, and the absence of any credible evidence to the contrary,

---

[48]*Cocoma v. Nigam* (*In re Nigam*), 780 F. App'x 559, 563 (10th Cir. 2019).

[49]Colo. Rev. Stat. § 18-1-704(a).

[50] *First Am. Title Ins. Co. v. Smith* (*In re Smith*), 618 B.R. 901, 919 (10th Cir. BAP 2020) (citing *Dorr, Bentley & Pech v. Pasek (In re Pasek)*, 983 F.2d 1524, 1527 (10th Cir. 1993)); *AVB Bank v. Costigan (In re Costigan)*, No. 16-80272-TRC, 2017 WL 6759068, at *5 (Bankr. E.D. Okla. December 29, 2017) (unpublished) (citing *Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012)); *Bertone v. Wormington* (*In re Wormington*), 555 B.R. 794, 800 (Bankr. W.D. Okla. 2016) (first citing *Fletcher v. Deerman*, 482 B.R. 344, 370 (Bankr. D. N.M. 2012); and then citing *Tso v. Nevarez* (*In re Nevarez*), 415 B.R. 540, 544 (Bankr. D. N.M. 2009)).

[51]Most courts hold the assertion of self-defense acts as an admission that the underlying act was intentional, and, in the event that justification is not established, an admission that the act was malicious. *Owens v. Powell* (*In re Powell*), 567 B.R. 429, 437 (Bankr. N.D. N.Y. 2017) (citing *Vyshedsky v. Soliman* (*In re Soliman*), 539 B.R. 692, 699–700 (Bankr. S.D. N.Y. 2015) (citing *Kleman v. Taylor* (*In re Taylor*), 322 B.R. 306, 309 (Bankr. N.D. Ohio 2004)). As Judge failed to present evidence establishing he acted in self-defense, it is unnecessary for this Court to determine if this view should be adopted.

the Bankruptcy Court did not err in finding Judge acted not in self-defense but rather without justification or excuse, i.e., with malice, in striking Perry head and initiating the bar fight. Quite simply, no evidence exists that Judge's actions were justified or with just cause, and the Bankruptcy Court did not err in so concluding.

As set forth above, Perry's injuries proximately resulted from Judge's intentional and unjustified aggressive strike on Perry, and the damages arising therefrom were properly excepted from Judge's discharge under § 523(a)(6).

### e.      Total nondischargeable amount

Judge argues the damages awarded in the State Court Judgment were based on both negligence and assault and battery, with no apportionment between the two.[52] According to Judge, the Bankruptcy Court erred in excepting the full amount of the State Court Judgment from Judge's discharge. The problem with such argument is the record does not contain the complaint in the State Court Action. The State Court Judgment merely states that judgment is granted in favor of Perry and Baca and against Judge on the first and fifth claims. The State Court Judgment contains no recitation as to what the first and fifth claims are. Without the complaint in the State Court Action being included in

---

[52]Judge also suggests, without authority, that the State Court Judgment was a default judgment requiring Perry to establish damages in the Bankruptcy Court. However, while a judgment imposing liability on Judge was entered in the State Court Action based on his default, the State Court Judgment imposing damages is clear that Judge was present for the hearing to determine damages. *State Court Judgment*, *in* Appellant's App. at 86. Moreover, a default judgment in Colorado can have preclusive effect in a bankruptcy court. *Ries v. Sukut* (*In re Sukut*), 357 B.R. 834, 838 (Bankr. D. Colo. 2006) (citing *Evans v. Dunston* (*In re Dunston*), 146 B.R. 269, 277 (D. Colo. 1992)) (Generally, Colorado courts give preclusive effect to default judgments provided the defendant had a full and fair opportunity to present his case).

the appellate record, there is no evidence the Bankruptcy Court abused its discretion in excepting the entire State Court Judgment from Judge's discharge.[53] "The failure of [Judge] . . . to include in the appendix the document that controls the resolution of the issues on appeal . . . deprives [him] of the right to challenge the judgment"[54] of the Bankruptcy Court.

The Bankruptcy Court excepted the entire State Court Judgment from Judge's discharge because "the video demonstrates the cause of the initial aggression was Judge, and Perry's claim is based on injuries he sustained in the course of the altercation as a whole."[55] One who starts a bar fight is neither honest nor unfortunate and is not entitled to discharge liability associated with such bar fight pursuant to § 523(a)(6).[56] As set forth above, such conclusion is amply supported by the record and applicable law and is not clearly erroneous.

## V.    **Conclusion**

Judge's act of striking Perry on the head with a glass mug began the series of events leading not only to injury to Perry's face and neck but also to his hand. The Court finds no error in the Bankruptcy Court's factual findings or legal conclusions. Accordingly, the Bankruptcy Court's decision is AFFIRMED.

---

[53]*Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997).

[54]*Travelers Indemnity Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1121 (10th Cir. 2003).

[55]*In re Judge*, 621 B.R. 34, 38 (Bankr. D. Colo. 2020).

[56]Judge argued, without authority, the exception from discharge under § 523(a)(6) should apply only to Judge's initial strike to Perry's head and not to the natural and forseeable consequences evolving from his actions. The Court, likewise, could find not support for such argument and finds it runs counter to the goal of protecting the honest but unfortunate debtor.

13